| | |
|---|---|
| 1 | Abraham Colman (SBN 146933) |
| | Email:  acolman@reedsmith.com |
| 2 | Raffi Kassabian (SBN 260358) |
| | Email:  rkassabian@reedsmith.com |
| 3 | REED SMITH LLP |
| | 355 South Grand Avenue |
| 4 | Suite 2900 |
| | Los Angeles, CA  90071-1514 |
| 5 | Telephone: +1 213 457 8000 |
| | Facsimile: +1 213 457 8080 |
| 6 | |
| 7 | Le T. Duong (SBN 297662) |
| | Email:   lduong@reedsmith.com |
| | REED SMITH LLP |
| 8 | 101 Second Street |
| | Suite 1800 |
| 9 | San Francisco, CA  94105-3659 |

*Attorneys for Defendant*
*Mortgage Electronic Registration Systems, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBINSON, DANIEL W.; ROBINSON, DARLA J.; CABRERA, MIGUEL A. | Case No.: |
| | [Removal from Superior Court of California, County of Los Angeles, Case No. 18CHCV00052] |
| Plaintiffs, | |
| vs. | **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(B)** |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., UNITED PACIFIC MORTGAGE; UNIVERSAL AMERICAN MORTGAGE COMPANY OF CALIFORNIA; and DOES 1 through 25, | [Diversity of Citizenship] |
| | [Filed concurrently with |
| | 1. Civil Cover Sheet; |
| | 2. Certification and Notice of Interested Parties; |
| Defendants. | 3. Mortgage Electronic Registration Systems, Inc.'s Corporate Disclosure Statement.] |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Mortgage Electronic Registration Systems, Inc. ("MERS" or "Defendant") hereby removes to this Court the state court action described below by and through their attorneys, and hereby give notice of removal of the above-captioned action, currently pending in the Superior Court of Los Angeles County, California, to the United States District Court for the Central District of California. As set out more fully below, this case is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332, and is one that may be removed to this Court pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.

In compliance with 28 U.S.C. § 1446(a), Defendant asserts the following grounds for removal:

## BACKGROUND

1. Plaintiffs Daniel W. Robinson, Darla J. Robinson, ("Robinsons") and Miguel A. Cabrera ("Cabrera") (together "Plaintiffs") filed a Complaint on or about August 10, 2018 in the Superior Court of California, County of Los Angeles, entitled *Robinson, Daniel W.; Robinson, Darla.; Cabrera, Miguel A. Plaintiff(s) vs. Mortgage Electronic Registration Systems, Inc.; (not MERSCORP Holdings, Inc. a separate and distinct unrelated entity); and Does 1-25 Defendant(s)* at Case No. PC058705 (the "Original Action"). A true and correct copy of the Complaint on file in the Original Action is attached hereto as **Exhibit 1**.

2. On September 21, 2018, MERS filed its Notice of Removal removing the Original Action to the United States District Court for the Central District of California ("Original Notice of Removal"). A true and correct copy of the Original Notice of Removal is attached hereto as **Exhibit 2**.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

3. On September 29, 2018, MERS filed its Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). A true and correct copy of the Motion to Dismiss is attached hereto as **Exhibit 3**.

4. On October 9, 2018, Plaintiffs filed their Notice of Dismissal, pursuant to Fed. R. Civ. P. 41(a)(1). A true and correct copy of Plaintiffs' Notice of Dismissal is attached hereto as **Exhibit 4**.

5. On October 10, 2018, The Honorable Percy Anderson, United States District Judge, dismissed the Original Action. A true and correct copy of Judge Anderson's Order of Dismissal is attached hereto as **Exhibit 5**.

6. On October 30, 2018, Plaintiffs filed a nearly identical Complaint in the Superior Court of California, County of Los Angeles, entitled *Robinson, Daniel W.; Robinson, Darla.; Cabrera, Miguel A. Plaintiff(s) vs. Mortgage Electronic Registration Systems, Inc.; (not MERSCORP Holdings, Inc. a separate and distinct unrelated entity); United Pacific Mortgage, a California General Partnership; Universal American Mortgage Company of California, a California Corporation; and Does 1-25 Defendant(s)* at Case No. 18CHCV00052 ("This Action"). A true and correct copy of the Complaint on file in This Action is attached hereto as **Exhibit 6** (hereinafter "Complaint" or "Compl.").

7. This Action arises from a dispute regarding two real property loans on Plaintiffs' residences secured by Deeds of Trust. The properties are located at 19127 Romar Street, Los Angeles, California 91324 (the "Robinson Property") and 103 Crabapple Drive, Ponoma CA 91767 (the "Cabrera Property") (the "Properties") respectively. *See* Compl.,¶ ¶22, 25. Ex. A. Ex. C. The Robinson Property is secured by a Deed of Trust executed by Daniel W, Robinson and Darla J Robinson, husband and wife as joint tenants, which was recorded in the Los Angeles County Recorder's Office on February 15, 2005, at 2005-0342544. The Cabrera Property Deed of Trust was

executed by Miguel A. Cabrera and was recorded in the Los Angeles County Recorder's Office on October, 29, 2004, at 2004-2801028. MERS is the original beneficiary of both the Robinson and Cabrera Deeds of Trust and remains the lien holder of the Cabrera Deed of Trust, as the Robinson Deed of Trust was reconveyed in 2018.

8. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because there is federal jurisdiction on diversity grounds: as an action between citizens of different states in which the amount in controversy exceeds $75,000. Defendant has satisfied the procedural requirements for removal set forth in 28 U.S.C. § 1446. In filing this Notice of Removal, Defendants reserve all defenses, including but not limited to lack of personal jurisdiction, insufficient process, insufficient service of process, and failure to join and/or misjoinder of parties.

## I. REMOVAL IS PROPER BASED ON DIVERSITY OF CITIZENSHIP

9. The State Court Action may be removed to the United States District Court in accordance with 28 U.S.C. § 1441(b), since this District Court has original jurisdiction over the State Court Action on the basis of diversity of citizenship pursuant to 12 U.S.C. § 1332. Specifically, the State Court Action is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000.00.

### A. There is Complete Diversity of Citizenship

10. In order to qualify for diversity of citizenship jurisdiction, all of the named plaintiffs' citizenships must be completely diverse from all the named defendants' citizenships, excluding nominal, fraudulent and/or sham defendants. *See Grupo Dataflux v. Atlas Global Group, LP,* 541 U.S. 567, 571 (2004).

#### 1. Plaintiffs' Citizenship

11. Plaintiffs allege that they reside at the Properties located in Los Angeles, California, and thereby are citizens of the State of California. *See* Compl., ¶¶ 3-4. Since Plaintiffs' Complaint, which is a part of the state court record, alleges that Plaintiffs' residences are in California, and Plaintiffs have filed suit with respect to a the rights associated with foreclosure of real property owned and resided by Plaintiffs in Los

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Angeles County, California, Plaintiffs would be deemed to be domiciled in California, and therefore are citizens of California for diversity purposes. *See Lew v. Moss*, 797 F.2d 747, 749 - 750 (9th Cir. 1986) (a person is domiciled in a location where he or she has established a fixed habitation or abode in a particular place, and intends to remain there permanently or indefinitely, such as the location of "real property"). Therefore, Plaintiffs are citizens of California for purposes of diversity jurisdiction.

### 2. MERS's Citizenship

12. Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business in Reston, Virginia. Therefore, Mortgage Electronic Registration Systems, Inc. is a citizen of Virginia and Delaware.

### 3. Defendant United Pacific Mortgage's Citizenship

13. On information and belief, Defendant United Pacific Mortgage ("United") no longer exists or possesses any assets. Compl., Ex. B ¶ 3. However, according to the California Secretary of State Business Search Website, an entity named United Pacific Mortgage Corporation is listed as FTB Suspended. *See* California Secretary of State Business Search Results – United Pacific Mortgage Corporation, attached hereto as **Exhibit 7**.

14. Plaintiffs' aver that United is a California General Partnership. Compl. ¶ 6.

### 4. Defendant Universal American Mortgage Company of California's Citizenship

15. Defendant Universal American Mortgage Company of California ("Universal American") does not appear to be a registered entity in the State of California. *See* California Secretary of State Business Search, https://businesssearch.sos.ca.gov/ (last visited March 22, 2019) (demonstrating that no such entity exists under California law). However, according to the California Secretary of State Business Search Website, an entity named Universal American Mortgage Company, a corporation organized under the laws of Florida, is listed as "Surrender." *See*

California Secretary of State Business Search Results – United Pacific Mortgage Corporation, attached hereto as **Exhibit 8.**

16. Plaintiffs aver that Universal Mortgage is a California Corporation. Compl. ¶ 7.

### 5. United and Universal American are Fraudulently Joined

17. The citizenship of United and Universal American are not relevant to the diversity inquiry because they were fraudulently joined for the reasons set forth below, and as such may be ignored for purposes of determining diversity jurisdiction. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) ("It is a commonplace that fraudulently joined defendants will not defeat removal on diversity grounds."); *Sherman v. Wells Fargo Bank, N.A., No. SACV 10-1538,* 2010 U.S. Dist. LEXIS 131890, at *2 (C.D. Cal. Nov. 22, 2010).

18. The term "fraudulent joinder" is a term of art. *Id.* The plaintiff's motive need not be "fraudulent" in an ordinary sense; rather, a defendant has been fraudulently joined where "the plaintiff fails to state a cause of action against a resident defendant." *Id.* Indeed, "the test for fraudulent joinder resembles a Rule 12(b)(6) analysis." *TPS Utilicom Servs. V. AT&T Corp.*, 223 F. Supp. 2d 1089, 1102 (C.D. Cal. 2002). *See also Sherman v. Wells Fargo Bank, N.A.*, No. CIV S-11-0054, 2011 WL 1833090, at *2 (E.D. Cal. May 12, 2011).

19. To survive a motion to dismiss under Rule 12(b)(6), the Complaint "must contain sufficient factual matter ... to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 570 (2007)). A complaint must include something "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. The *Iqbal* Court made clear that "threadbare recitals of a cause of action's elements supported by conclusory statements" are insufficient to overcome a motion to dismiss. *Id.* Further, "Rule 8(a)(2)…requires a 'showing', rather than a blanket assertion of entitlement to relief. Without some factual allegation in the complaint, it is hard to see

how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Twombly*, 550 U.S. at 555, n. 3 (citations omitted). Thus, to survive a motion to dismiss, the complaint must have non-conclusory factual content from which reasonable inferences can be drawn that are plausibly suggestive of a claim. *Moss v. U.S. Secret Service,* 572 F.3d 962, 969 (9th Cir. 2009). A court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001).

20. Applying this standard here, the Complaint is bereft of any facts or allegations demonstrating any liability or wrongdoing on the part of United or Universal American. Rather the Complaint and documents attached hereto demonstrate that United and Universal are now-defunct entities that acted in accordance with the plain language of the Deeds of Trust and the Complaint fails entirely to make any claim of wrongdoing or for damages against them. United and Universal American's status as non-existent entities, the language of the Deeds of Trust, and Plaintiffs' failure to state a plausible claim for relief provide the basis for judgment in their favor. *See* California Secretary of State Business Search, https://businesssearch.sos.ca.gov/ (last visited March 22, 2019) (demonstrating that no such entities exist under California law), *see also* Compl., Ex. A, B, ¶¶ 3, 4, 20, 23; *see generally* Compl.

21. As non-existent entities, United and Universal American have no interest in the outcome of the action, have no interest in the real estate loan that is the subject of the lawsuit, or the real property involved in the lawsuit, and have no substantive or viable claims against them. Fed. R. Civ. P. 17(b)(2)-(3); *see also Hills Motors, Inc. v. Hawaii Auto. Dealers' Ass'n*, 997 F.2d 581, 584 (9th Cir. 1993). [1]

---

[1] The capacity of a legal entity to sue or be sued in federal court is controlled by Federal Rule of Civil Procedure 17. Rule 17(b) provides that the capacity of a partnership is controlled "by the law of the state where the court is located" and the capacity of a corporation to be sued is controlled "by the law under which it was organized." Fed. R. Civ. P. 17(b)(2)-(3).

22. To the degree that United and/or Universal American are found to be existing entities, Plaintiffs' claims run contrary to the plain language of their Deeds of Trust and accordingly should be dismissed. Compl., Ex. A, C; see also *Ramirez v. U.S. Bank Nat'l Ass'n*, Case No.: 17-CV-0786 W (BGS), at *8 (S.D. Cal. Aug. 14, 2017) (dismissing Plaintiff's cause of action based on assignment of the deed of trust, where it contained language that would have allowed MERS to act as nominee of the lender and its successors and assigns.).

23. Plaintiffs have also failed to plead any cause of action against United or Universal American. *See generally* Compl.

24. With the exception of Paragraphs 6 and 7, wherein Plaintiffs attempt to establish United and Universal American as residents of California, the Complaint remains identical to the complaint filed in the Original Action, which did not include United or Universal American as Defendants and does not allege wrongdoing or damages against United or Universal American. *Compare* Compl., **Exhibit 6**; *to* Original Compl, **Exhibit 1.** Instead, Plaintiffs' claims are alleged against MERS only. *See generally* Compl.

25. Such conclusory allegations are insufficient to survive a motion to dismiss. *See Brazil v. United States Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995) (dismissing plaintiff's claims for failure to meet "the minimum threshold in providing [defendants] with notice of what [they] allegedly did wrong); *Edwards v. Wachovia Mort.*, 2011 WL 4591907, at *3-4 (dismissing claim because plaintiff "failed to plead non-conclusory factual allegations indicating how he was damaged").

26. Therefore, Plaintiff fails to state a claim upon which relief can be granted against United and Universal American. They should be deemed sham defendants and disregarded for purposes of diversity. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *Bond v. Cal. Western Reconveyance Corp.,* No. C12-01523 HRL, 2012 WL 2150313, at *2 (N.D. Cal. June 12, 2012) (determining that defendants were "fraudulent defendants whose citizenship shall not destroy diversity jurisdiction over this

action."); *Nong*, 2010 U.S. Dist. LEXIS 131890 (finding that mere agent was fraudulently joined); *Sherman,* 2011 WL 1833090, at *3 (finding that trustee under deed of trust was fraudulently joined for diversity purposes).

### 6. **Defendant DOES 1 through 25's Citizenship**

27. Upon information and belief, Does 1-25 have not been named or served, and thus their consent is not required. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

28. Because no Defendant has the same citizenship as Plaintiffs, complete diversity of citizenship exists.

### B. The Amount in Controversy Requirement is Satisfied

29. The threshold amount associated with diversity jurisdiction is $75,000. 28 U.S.C. § 1332(a). Generally, "[t]he amount in controversy is determined from the allegations or prayer of the complaint." Schwarzer, Tashima & Wagstajfe, Fed. Civ. Proc. Before Trial (2009), ¶ 2:450 (citing *St. Paul Mercury Indem. Co., v. Red Cab Co.*, 303 U.S. 283, 289 (1938), which held that an inability to recover an amount adequate to give the court jurisdiction does not oust the court of jurisdiction). Removal is proper if, from the allegations in the Complaint and the Notice Removal, it is more likely than not that the claims exceed $75,000. *Sanchez v. Monument Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996). In determining whether the jurisdictional minimum is met, courts consider all recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). The State Court Action is one in which the alleged amount in controversy plainly exceeds the sum or value of $75,000, exclusive of interest and costs.

30. This dispute is chiefly related to Cabrera Deed of Trust, which secured a promissory note in the original amount (the "Cabrera Note") of $390,700 loan that Cabrera obtained in 2004. Upon information and belief, the unpaid principal balance on

the Cabrera Note is currently in excess of $263,354.  This dispute is also related to the Robinson Deed of Trust, which secured a promissory note in the original amount of $999,950 (the "Robinson Note").  The Robinson Deed of Trust is paid off and was reconveyed of record.  Thus, MERS can only presume their intention in this lawsuit is to retroactively turn their deed of trust unenforceable.  Consequently, the value of their entire property is in controversy.    Further, the Robinsons have been fraudulently added as Plaintiffs to this action in violation of Federal Rule of Civil Procedure 20(a), as they do not have claims arising from the same transaction or occurrence as the Cabrera.

31.  The Cabrera Property is currently assessed at $599,907.00.  The Robinson Property is currently assessed at $1,267,517.00, both of which are well above the minimum jurisdictional amount.

32.  While Plaintiffs' Complaint is vague concerning the amount in dispute, especially as they package their claims as seeking declaratory relief, their allegations make clear that they seek in excess of the jurisdictional amount for diversity.  Plaintiffs allege *inter alia*, two requests for declaratory judgment: (1) a judicial determination that MERS is not a beneficiary under the Cabrera or the Robinson Deed of Trust, and therefore does not hold any rights, title or interest to the Cabrera or Robinson Properties (2) a judicial determination that MERS is not a Nominee or Agent under the Cabrera or Robinson Deeds of Trust.  *See* Compl. ¶¶ 14, 15, 17.  All of Plaintiffs' claims contest and ultimately aim to void the $390,700 Cabrera Deed of Trust, which secures the Cabrera Note, which, on information and belief, Cabrera currently owes in excess of $263,354.  The relief sought therefore exceeds $75,000.  Moreover, Plaintiffs by seeking the declaratory relief stated herein, are attacking MERS's ability to assign both the Cabrera and the Robinson Deeds of Trust as the original beneficiary and its right to assign the power of sale which Plaintiffs granted to MERS in both the Cabrera and Robinson Deeds of Trust.  "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977).  Here, Plaintiffs seek to

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

invalidate MERS's interests in their respective Deeds of Trust, especially MERS's power of sale over their respective Properties, y "[a]s such, pursuant to *Hunt*, the amount in controversy should be measured by this power and will therefore be equivalent to at least [$390,700 plus $999,950]. *Zepeda v. U.S. Bank, N.A.*, No. SA CV 11-0909 DOC, 2011 WL 4351801, at *4 (C.D. Cal. Sept. 16, 2011). *See also Yhudai v. Mortg. Elec. Registration Sys., Inc.,* No. CV1505035MMMJPRX, 2015 WL 5826777, at *6 (C.D. Cal. Oct. 2, 2015) (holding, "the value of the mortgage loan is an appropriate measure of the litigation.")

33. Further, while not pled as a separate cause of action, Plaintiffs also seek costs and attorneys' fees for this action. *See* Compl. at Prayer.

## II. DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

### A. Removal to This Court is Proper

34. The Superior Court of California for the County of Los Angeles is located within the Central District of California. Thus, the Central District of California is the proper venue for this removal because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(b); *see also* 28 U.S.C. §84(c)(2).

### B. Procedural Requirements

#### 1. <u>Removal is Timely</u>

35. This Notice is timely in that it is being filed within thirty (30) days of Defendants' receipt of Plaintiff's initial pleading on February 20, 2019, which was the first time that MERS ascertained that This Action was removable under federal law. *See* 28 U.S.C. 1446(b).

36. MERS was served on February 20, 2019, thus this action has been removed within thirty days of service.

#### 2. <u>Existing Co-Defendants Have Consented</u>

37. The only other, named Defendants in this lawsuit are United and Universal American. As discussed above, United and Universal American are defunct non-existent

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

entities from which no consent is necessary or possible. Because United and Universal are a sham defendant for the reasons previously explained, they should be disregarded in this litigation. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). To the extent United and/or Universal American's consent is nonetheless deemed required, Defendant's counsel has made a good faith effort to obtain consent from them but have not received a response.

### 3. Appropriate Notice Has Been Provided

38. Defendants will promptly serve Plaintiffs and file with this Court its Notice of Removal to All Adverse Parties, informing Plaintiffs that this matter has been removed to federal court. *See* 28 U.S.C. §§ 1446(a), (d). Defendants will also promptly file with the Clerk of the Superior Court of California, County of Los Angeles, Chatsworth Courthouse, and serve on Plaintiffs a Notice to Clerk of Removal to Federal Court, pursuant to 28 U.S.C. § 1446(d).

### 4. Bond and Verification

39. Pursuant to Section 1016 of the Judicial Improvements and Access to Justice Act of 1988, no bond is required in connection with this Notice of Removal. Pursuant to Section 1016 of the Act, this Notice need not be verified.

### 5. Signature

40. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. See 28 U.S.C. § 1446(a).

41. Accordingly, all jurisdictional requirements for diversity removal are satisfied.

WHEREFORE, Defendant respectfully requests this case be removed from the Superior Court off the State of California for the County of Los Angeles to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1332 and 1441(b).

DATED:  March 22, 2019                    REED SMITH LLP

By: */s/Le T. Duong*
Abraham Colman (SBN 146933)
Raffi Kassabian (SBN 260358)
Le T. Duong (SBN 297662)
*Attorneys for Defendant Mortgage Electronic Registration Systems, Inc.*

## CERTIFICATE OF SERVICE

I certify that on March 22, 2019, I filed the foregoing document electronically through the CM/ECF system, and served the following counsel of record via e-mail:

Attorney for Plaintiffs
Al West Esq.
700 N Pacific Coast Hwy #201
Redondo Beach, Calif. 90277
WestandAssociates1@gmail.com