Exhibit 3

1    Abraham J. Colman (SBN 146933)
     Email:   acolman@reedsmith.com
2    Raffi Kassabian (SBN 260358)
     Email:   rkassabian@reedsmith.com
3    Jason M. Ingber (SBN 318323)
     Email:   jingber@reedsmith.com
4    REED SMITH LLP
     355 South Grand Avenue, Suite 2900
5    Los Angeles, CA  90071-1514
     Telephone: +1 213 457 8000
6    Facsimile: +1 213 457 8080

7    Le T. Duong (SBN 297662)
     Email:   lduong@reedsmith.com
8    REED SMITH LLP
     101 Second Street
9    Suite 1800
     San Francisco, CA  94105-3659
10   Telephone: +1 415 543 8700
     Facsimile: +1 415 391 8269

11

12   Attorneys For Defendants
     *Mortgage Electronic Registration Systems*
13   *Inc.*

14

## UNITED STATES DISTRICT COURT

15

## CENTRAL DISTRICT OF CALIFORNIA

16

### WESTERN DIVISION – FIRST STREET U.S. COURTHOUSE

17

| | |
|---|---|
| 18 Daniel W. Robinson, Darla J. Robinson; Miguel A. Cabrera | Case No.: 2:18-cv-08209-PA-MRW |
| 19         Plaintiffs, | **DEFENDANT MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES** |
| 20     vs. | |
| 21 | |
| 22 Mortgage Electronic Registration Systems, Inc.; and; DOES 1-25, | |
| 23         Defendants. | Date:     November 5, 2018 |
| 24 | Time:     1:30 p.m. |
| | Ctrm:     9A, 9th Floor |
| 25 | |
| 26 | Complaint Filed:  August 10, 2018 |
| 27 | Honorable Judge Percy Anderson |
| | Magistrate Judge Michael R. Wilner |

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  **TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

2  PLEASE TAKE NOTICE that on **November 5, 2018**, at 1:30 p.m., in Courtroom

3  9A, 9th Floor, in the above-entitled Court located at 350 W 1st Street, Los Angeles, CA

4  90012-4565, Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") will

5  and hereby does move this Court pursuant to Federal Rule of Civil Procedure 12(b)(6)

6  for an order dismissing the Complaint of Plaintiffs Daniel W. Robinson, Darla J

7  Robinson, Miguel A. Cabrera, ("Plaintiffs"), and each claim for relief alleged therein

8  against Nationstar, on the ground that the Complaint fails to state any claim upon which

9  relief can be granted.

10  This motion is made following Defendant's meet and confer with Plaintiffs'

11  counsel pursuant to L.R. 7-3 on September 7, 2018.

12  Defendant's Motion is based upon this Notice of Motion, the Memorandum of

13  Points and Authorities attached hereto, the operative Complaint, all matters of which

14  this Court may properly take judicial notice, and any other evidence or oral argument

15  as the Court may consider in connection with this Motion to Dismiss.

16

17  DATED:  September 28, 2018                    REED SMITH LLP

18

19                                          By:  */s/ Le T. Duong*
                                               Abraham J. Colman
20                                             Raffi Kassabian
                                               Le T. Duong
21                                             Jason M. Ingber
                                               Attorneys for Defendant
22                                             Mortgage Electronic Registration
                                               Systems Inc.

23

24

25

26

27

28

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

Case No.: 2:18-cv-08209-PA-MRW

# **TABLE OF CONTENTS**

Page

I.   INTRODUCTION ................................................................................................. 1

II.  STATEMENT OF FACTS ................................................................................... 1

    A.   The Instant Lawsuit ................................................................................ 1

    B.   Individual Prior Lawsuits by Plaintiffs against MERS ........................... 3

        1.   The Robinson's Prior Quiet Title Action and Judgment ............... 3

        2.   Cabrera's Quiet Title Action and Judgement                       4

III. LEGAL STANDARD ........................................................................................... 5

IV.  LEGAL ARGUMENT .......................................................................................... 6

    A.   Res Judicata Bars the Entire Complaint .................................................. 6

    B.   Plaintiffs' Claims Fail To Support Declaratory Relief ............................ 9

    C.   California Law is Clear that MERS Is The Beneficiary and
        Nominee Under Both Deeds of Trust As Plaintiffs Concede ................. 12

    D.   The Deeds of Trust Alone Provide the Predicate for a Dismissal
        in Favor of MERS ................................................................................. 14

V.   CONCLUSION .................................................................................................. 15

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*,
  988 F.2d 1157 (Fed. Cir. 1993) ............................................................................ 5

*Am. Rivers v. Nat'l Marine Fisheries Serv.*,
  126 F.3d 1118 (9th Cir. 1997) ........................................................................... 10

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009) ......................................................................................... 5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ....................................................................................... 5, 10

*Benson v. Ocwen Loan Servicing, LLC*,
  562 F. App'x 567 (9th Cir. 2014) ...................................................................... 12

*Cabrera v. GSR Mortgage Loan Trust 2005-AR2*,
  No. KC066701 (Los Angeles Sup. Ct.) ............................................................ 4, 8

*Calvo v. HSBC Bank USA, N.A.*,
  130 Cal. Rptr. 3d 815 (Cal. Ct. App. 2011) ...................................................... 13

*Cervantes v. Countrywide Home Loans, Inc.*,
  656 F.3d 1034 (9th Cir. 2011) ........................................................................... 15

*City of Cotati v. Cashman*,
  29 Cal. 4th 69 (2002) ......................................................................................... 10

*Clegg v. Cult Awareness Network*,
  18 F.3d 752 (9th Cir. 1994) ................................................................................. 5

*Crowley v. Katleman*,
  8 Cal. 4th 666 (1994) ........................................................................................... 7

*Dumas v. Kipp*,
  90 F.3d 386 (9th Cir. 1996) .............................................................................. 5, 6

*E & J Gallo Winery v. Proximo Spirits, Inc.*,
  583 Fed. Appx. 632 (9th Cir. 2014) .................................................................. 10

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

Exhibit 3 - Page 143

*Erie R. Co. v. Tompkins,*
    304 U.S. 64 (1938)................................................................................... 14

*Fontenot v. Wells Fargo Bank, N.A.,*
    198 Cal. App. 4th 256 (1st Dist. 2011).......................................... 7, 12, 14

*Franklin v. U.S. Dep't of Labor,*
    No. C 00-3190 SI, 2001 WL 793284 (N.D. Cal. July 9, 2001)................ 8

*Gomes v. Countrywide Home Loans, Inc.,*
    121 Cal. Rptr. 3d 819 (2011) ............................................................... 13

*Gomes v. Countrywide Home Loans, Inc.,*
    192 Cal. App. 4th 1149 (2011) .......................................... 4, 11, 14, 15

*Hollins v. Recontrust, N.A.,*
    No. CV 11-945 PSG PLAX, 2011 WL 1743291 (C.D. Cal. May 1,
    2011) ................................................................................................... 12

*Kimball v. Flagstar Bank F.S.B.,*
    881 F.Supp.2d 1209 (S.D. Cal. 2012) .................................................. 9

*Lane v. Vitek Real Estate Industries Group,*
    713 F. Supp. 2d. 1092 (E.D. Ca. 2010) ............................................ 9, 14

*Le Pare Community Assn. v. Workers' Comp. Appeals Bd.,*
    110 Cal.App.4th 1161 (2003) ............................................................... 6

*Lyons v. Security Pacific Nat. Bank,*
    40 Cal. App. 4th 1001 (1995) ............................................................... 6

*Mortg. Elec. Registration Sys., Inc. v. Robinson,*
    671 F. App'x 562 (9th Cir. 2016), *cert. denied sub nom. Robinson v.
    Mortg. Elecs. Registration Sys., Inc.*, 137 S. Ct. 2164, 198 L. Ed. 2d
    233 (2017)............................................................................................. 4

*Mortg. Elec. Registration Sys., Inc. v. Robinson,*
    No. CV 13-7142 PSG ASX, 2015 WL 993319 (C.D. Cal. Feb. 27,
    2015), *aff'd*, 671 F. App'x 562 (9th Cir. 2016)................................ 3, 4, 8

*Mortg. Elec. Registration Sys. v. Robinson,*
    45 F. Supp. 3d 1207 (C.D. Cal. 2014) ............................................ 7, 12

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*Mycogen Corp. v. Monsanto Co*,
  28 Cal.4th 888 (2002) ............................................................................... 6

*Navarro v. Block*,
  250 F.3d 729 (9th Cir. 2001) ..................................................................... 5

*Neitzke v. Williams*,
  490 U.S. 319 (1989) .................................................................................... 5

*Pantoja v. Countrywide Home Loans, Inc.*,
  640 F.Supp.2d 1177 (N.D.Cal.2009) ......................................................... 4

*Principal Life Ins. Co. v. Robinson*,
  394 F.3d 665 (9th Cir. 2005) ............................................................... 9, 11

*Robertson v. Dean Witter Reynolds, Inc.*,
  749 F.2d 530 (9th Cir. 1984) ..................................................................... 5

*Robinson v. Countrywide Home Loans, Inc.*,
  199 Cal. App. 4th 42 (2011) ..................................................................... 11

*Saterbak v. JP Morgan Chase Bank, N.A.*,
  245 Cal.App.4th 808 (2016) ..................................................................... 12

*Siliga v. Mortgage Elec. Registration Sys., Inc.*,
  219 Cal. App. 4th 75 (2d Dist. 2013) ................................................. 13, 15

*Staniforth v. Judges' Retirement System*,
  226 Cal. App. 4th 978 (2014) ..................................................................... 6

*Stites v. Ross*,
  862 F.2d 875 (9th Cir. 1988) ..................................................................... 8

*Yvanova v. New Century Mortgage Corp.*,
  365 P.3d 845, 199 Cal. Rptr. 3d 66 (2016) ................................. 12, 13, 14

*Zadrozny v. Bank of New York Mellon*,
  720 F.3d 1163 (9th Cir. 2013) ................................................................. 14

**Statutes**

Cal. Civ. Code § 2924 ................................................................................ 14

Cal. Civ. Proc. Code § 1060 ......................................................................... 9

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Case No.: 2:18-cv-08209-PA-MRW      – iv –

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Plaintiffs Daniel W. Robinson, Darla J. Robinson (the "Robinsons"), and Miguel Cabrera ("Cabrera") (collectively "Plaintiffs") claims against Mortgage Electronic Registration Systems Inc. ("MERS"), for declaratory relief, fail as a matter of law.  As a preliminary matter, Plaintiffs personally executed Deeds of Trust agreeing that MERS would be the nominee for the lender and the beneficiary under their respective Deeds of Trust.  Plaintiffs' Complaint is woefully deficient as their allegations that MERS is not a beneficiary or nominee simply do not assert an "actual controversy relating to the legal rights and duties of the respective parties" based upon which Plaintiffs could make a request for declaratory relief under Code Civ. Proc. § 1060, and established case law. This lack of actual controversy is exacerbated as to the Robinsons since their Deed of Trust has been released, thus having rendered their Deed of Trust not functional, and their claims moot.  Thus, Plaintiffs' Complaint cannot possibly be construed as stating a claim upon which relief can be granted.  Accordingly, MERS respectfully requests that its Motion to Dismiss be granted, with prejudice.

Even if Plaintiffs could overcome this threshold fatality to their claims – which they cannot – Plaintiffs personally signed their respective Deeds of Trust and consequently agreed that MERS is a beneficiary, agent, and nominee in accordance with well-settled California law.  Plaintiffs' claims also fail for this reason alone.  In fact, the Central District has already decided the Robinsons' claims fail as a matter of law in prior lawsuits by the Robinsons against MERS, consequently barring the Instant Complaint under the doctrine of *res judicata*.  As such, and as more fully explained below, MERS respectfully requests this Honorable Court to dismiss Plaintiffs' complaint in its entirety with prejudice.

## II.     STATEMENT OF FACTS

### A.     The Instant Lawsuit

On or about February 7, 2005, Plaintiffs Daniel W. Robinson and Darla J.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Case No.: 2:18-cv-08209-PA-MRW     – 1 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Robinson, husband and wife as joint tenants, signed a Deed of Trust as security for a $999,950.00 mortgage loan, encumbering real property located at 19127 Romar Street, Los Angeles, California 91324, which was recorded in the Los Angeles County Recorder's Office on February 15, 2005, at 2005-0342544 (the "Robinson Deed of Trust"). *See* Compl., Exh. A, ¶¶ 3, 20. The Robinson Deed of Trust names MERS as "nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument." *Id at 1*. On or about October 19, 2004, Plaintiff Miguel A. Cabrera, a single man, signed a Deed of Trust as security for a $390,700.00 mortgage loan, encumbering real property located at 103 Crabapple Drive, Pomona, California 91767, which was recorded in the Los Angeles County Recorder's Office on October 29, 2004, at 2004-2801028 (the "Cabrera Deed of Trust"). *See* Compl. Exh. C, ¶¶ 4, 23. Just as in the Robinson Deed of Trust, the Cabrera Deed of Trust names MERS as "nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument." *Id at 2*.

Plaintiffs filed the instant Complaint in California state court and MERS removed this case to this Court based on diversity jurisdiction. The bare bones Complaint requests declaratory relief in the form of two causes of action. *See generally* Complaint. Plaintiffs allege:

> "Possessed and stated within the [Plaintiffs] relevant Deeds of Trusts currently on title and recorded against their respective real properties…are two…provisions…the first of which states that 'Mortgage Electronic Registration Systems. Inc. (MERS) is the Beneficiary under this security instrument.'. The second is that 'Mortgage Electronic Registration Systems. Inc. (MERS) is a separate corporation that is acting solely as a Nominee for under and Lenders successors an assigns.'

Compl., ¶ 7. (emphasis omitted).

Plaintiffs allege that they signed their respective Deeds of Trust, however, Plaintiffs' Complaint includes no other facts to support their requests for declaratory relief. Compl., ¶¶ 3, 4, 20, 23. Instead, Plaintiffs rely on legal theories, conclusions,

Case No. 2:18-cv-08209-PA-MRW       – 2 –

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES
Exhibit 3 - Page  147

1    and a reference to an effaced declaration from a senior person working at the Plaintiff

2    Robinsons' original lender, which purportedly states his opinion that MERS is not a

3    beneficiary or agent of their company. *See* Compl., Exh. B, ¶ 21. However, as Plaintiffs

4    acknowledge, the Deeds of Trust that they each executed stated: MERS is "the

5    Beneficiary under this security instrument" and MERS is "a Nominee for under and

6    Lenders successors an assigns". Compl., Exh. A. at 1, Exh. C. at 2, ¶ 7.

7    **B.    Individual Prior Lawsuits by Plaintiffs against MERS**

8         Plaintiffs have both individually filed lawsuits against MERS praying for similar

9    relief in the form of a quiet title action and have both lost. Plaintiffs' Counsel Allen D.

10   West also represented the Robinsons in their prior action against MERS in the Central

11   District and Ninth Circuit and Cabrera in his state court action.

12   **1.    The Robinson's Prior Quiet Title Action and Judgment**

13        In January, 2012, the Robinsons filed a civil action in the Los Angeles County

14   Superior Court, Robinson v. United Pacific Mortgage, case number PC052281 (the

15   "Robinson Action") to quiet title to the Property and expunge the Deed of Trust. *Mortg.*

16   *Elec. Registration Sys., Inc. v. Robinson*, No. CV 13-7142 PSG ASX, 2015 WL 993319,

17   at *1 (C.D. Cal. Feb. 27, 2015), aff'd, 671 F. App'x 562 (9th Cir. 2016). *See* Request

18   for Judicial Notice ("RJN") Exhibit A for a copy of the Central District Court's decision

19   in the Prior Action. The Robinsons had, despite knowledge of MERS's claim against

20   their title as designated beneficiary and nominee on the deed of trust, intentionally

21   omitted MERS from their quiet title action and named only the original lender. *Id.* The

22   Superior Court granted default judgment for the Robinsons and entered an order which

23   purportedly voided the Robinson Deed of Trust. *Id.* Subsequently, MERS filed suit in

24   this Court to, *inter alia*, set aside the quiet title judgment in the Robinson Action as void

25   because the Robinsons violated the notice requirements of California Civil Code

26   Section 762.10. *Id at *2.* After both parties filed Motions for Summary Judgment, the

27   court ruled for MERS, holding that MERS had an adverse claim and therefore the

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Robinsons were required to name MERS as a defendant in the quiet title action. *Id at *9.*

This Court's holding was based upon the language of the deed of trust which appoints MERS as "'the beneficiary under this Security Instrument,'" and granting MERS the right, as nominee for Lender and Lender's successors and assigns, to "'exercise any or all . . . interests granted under the Deed of Trust, including, but not limited to, the right to foreclose and sell the Property.'" *Id. at *1* (internal quotations omitted) (quoting the Robinson deed of trust). The district court noted that:

> Courts applying California law have regularly held that…deeds of trusts materially identical to the one at issue here authorize MERS to foreclose and sell the subject property. . . see, e.g., Gomes v. Countrywide Home Loans, Inc., 192 Cal.App.4th 1149, 1157–58, 121 Cal.Rptr.3d 819 (2011); Pantoja v. Countrywide Home Loans, Inc., 640 F.Supp.2d 1177, 1189 -90 (N.D.Cal.2009) (collecting cases and noting that 'courts have been clear' that MERS is authorized by these deeds of trust to conduct foreclosure).

Id at *5.

The Ninth Circuit affirmed the district court's ruling regarding the Robinson's Deed of Trust holding that "[t]he deed of trust on the property, which was signed by the Robinsons and properly recorded with the Los Angeles County Recorder's Office, designates MERS as the nominee of the lender and the lender's successors and as the beneficiary under deed of trust. By executing the deed of trust the Robinsons agreed that MERS had the authority to initiate foreclosure proceedings on the property." *Mortg. Elec. Registration Sys., Inc. v. Robinson,* 671 F. *App'x* 562, 563 (9th Cir. 2016)*, cert. denied sub nom. Robinson v. Mortg. Elecs. Registration Sys., Inc.*, 137 S. Ct. 2164, 198 L. Ed. 2d 233 (2017). *See* RJN Exhibit B for a copy of the Ninth Circuit Court's decision in the Prior Action.

## 2. Cabrera's Quiet Title Action and Judgement

Cabrera filed an identical lawsuit to the Robinsons on or about March 3, 2014, *Cabrera v. GSR Mortgage Loan Trust 2005-AR2*, No. KC066701 (Los Angeles Sup.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Case No. 2:18-cv-08209-PA-MRW          – 4 –

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

Exhibit 3 - Page 149

Ct.) in an attempt to expunge the Deed of Trust by, identical to the Robinsons' scheme, omitting MERS and only naming their original lender. MERS successfully intervened in the suit and filed a cross-complaint against Cabrera, arguing that MERS's Due Process rights were violated by the Cabrera's failure to provide notice of the prior quiet title action to MERS as the record beneficiary of the Deed of Trust. On January 8, 2018, the Superior Court issued a tentative ruling granting summary judgment to MERS on its complaint to void the prior state court quiet title judgment holding: "CCP § 762.010 plainly requires the plaintiff in a quiet title action to join as defendants all persons of record 'having adverse claims to the title of the plaintiff.' MERS claimed an interest as lienholder, beneficiary and nominee … such interest is sufficient to establish a 'claim' against Plaintiff's title." The tentative order was adopted as final on 1/26/16. *See* RJN Exhibit C for a copy of the tentative order.

## III.  LEGAL STANDARD

A motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory, or where it presents a cognizable legal theory yet fails to plead essential facts to support that theory. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir. 1984). The purpose of a Rule 12(b)(6) motion to dismiss is "to allow the court to eliminate actions that are fatally flawed in their legal premises and destined to fail, and thus spare litigants the burdens of unnecessary pretrial and trial activity." *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993).

To survive a motion to dismiss, pleadings must contain more than labels and unsupported conclusions, and conclusory allegations are not entitled to be assumed true. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court is not required to "accept legal conclusions cast in the form of factual allegations if those conclusions cannot

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

Exhibit 3 - Page  150

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18
2  F.3d 752, 754-55 (9th Cir. 1994).  When it would be futile to amend the complaint's
3  deficiencies, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386,
4  393 (9th Cir. 1996).

5       Based upon Plaintiffs' pleading and judicially noticeable facts, MERS moves to
6  dismiss the Complaint, with prejudice, because (1) res juidcata is fatal to all of their
7  claims, (2) there is no basis for this Court to enter declaratory relief, and (3) the
8  complaint fails to state any cognizable cause of action.

9                          **IV.   LEGAL ARGUMENT**
10     **A.   *Res Judicata Bars* the Entire Complaint**

11      In September 2013, MERS commenced an action against the Robinsons and
12  MERS was added as a party to the Cabrera action in March 2014.   RJN Ex. A and B.
13  Now, Plaintiffs seek to recover against MERS for claims they made or could have made
14  in their prior actions. *See Id*.  Consequently, this is both the Robinsons' and Cabrera's
15  second lawsuit concerning MERS's status as a beneficiary and nominee, as well as
16  MERS's rights under their Deeds of Trust.  Because the Robinsons' claims have already
17  been considered and rejected by the Central District and affirmed by the Ninth Circuit,
18  and Cabrera's claims have already been considered and soundly rejected by the Los
19  Angeles Superior Court; the doctrine of res judicata for both issue preclusion and claim
20  preclusion operates as a complete bar to Plaintiffs' meritless lawsuit against MERS.

21      Issue preclusion, or collateral estoppel, precludes re-litigating issues argued and
22  decided in prior proceedings. *Mycogen Corp. v. Monsanto Co*, 28 Cal.4th 888, 896
23  (2002).  Res judicata (or claim preclusion) bars re-litigating a valid, final judgment on
24  the merits in a subsequent lawsuit. *Le Pare Community Assn. v. Workers' Comp.*
25  *Appeals Bd.*, 110 Cal.App.4th 1161, 1169, (2003).

26      Res judicata operates to bar the maintenance of a later action if (1) the claim
27  decided in the former action is identical to the claim presented in this action; (2) there
28  was a final judgment on the merits; and (3) the plaintiffs were parties (or a privy to a

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   party) to the prior adjudication. *Staniforth v. Judges' Retirement System*, 226 Cal. App.

2   4th 978, 988 (2014) (citing *Lyons v. Security Pacific Nat. Bank*, 40 Cal. App. 4th 1001,

3   1015 (1995)). As explained below, and all of these elements are met.

4        Under California's version of res judicata, a claim is defined by the "primary

5   right" it seeks to enforce. *Crowley v. Katleman*, 8 Cal. 4th 666, 681 (1994).

> [T]he primary right is simply the plaintiff's right to be free from the particular injury suffered. [Citation.] It must therefore be distinguished from the legal theory on which liability for that injury is premised: "Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief." [Citation.] The primary right must also be distinguished from the remedy sought: "The violation of one primary right constitutes a single cause of action, though it may entitle the injured party to many forms of relief, and the relief is not to be confounded with the cause of action, one not being determinative of the other." [Citation.]

12   *Id*.

13        Here, the basis of each cause of action herein was previously raised in their prior

14   actions. Specifically, on or about January 11, 2012, the Robinsons filed a civil action

15   in the Los Angeles County Superior Court, *Robinson v. United Pacific Mortgage*, case

16   number PC052281 (the "Robinson Action"). By this action, the Robinsons sought to

17   quiet title to the Property free and clear of the Deed of Trust and a court order expunging

18   the Deed of Trust. MERS was not a party to this case. *Mortg. Elec. Registration Sys.*

19   *v. Robinson, 45 F. Supp. 3d 1207, 1209 (C.D. Cal. 2014)*. The court entered default

20   judgment for the Robinsons and entered an order purporting to void the Robinson Deed

21   of Trust. *Id*. Subsequently, on September 26, 2013, MERS filed suit to set aside the

22   Quiet Title Judgment as void in this Court. There the Court considered whether MERS

23   was a nominee and beneficiary of the Deed of Trust and resoundingly decided in

24   MERS's favor.

25        For example, the Central District held:

> "First, MERS is clearly named a nominee in the Deed of Trust…In the context of a nominee on a deed of trust, this implies that the nominee is granted authority as an agent to act on behalf of the Lender as to administration of the deed of trust. Second, in analyzing deeds of trust materially similar to the one at issue in this litigation, both this Court and

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

Exhibit 3 - Page 152

1
2
3
4
5

> California courts have held that MERS status as beneficiary "was not a matter of fact existing apart from the document itself." See Fontenot v. Wells Fargo Bank, N.A., 198 Cal.App.4th 256, 266, (1st. Dist.2011) (considering a deed of trust identical in all material respects to the one at issue here and concluding that "MERS was the beneficiary under the deed of trust because, as a legally operative document, the deed of trust designated MERS as the beneficiary. Given this designation, MERS's status was not reasonably subject to dispute.")."

6
7
8

*Mortg. Elec. Registration Sys., Inc. v. Robinson*, No. CV 13-7142 PSG ASX, 2015 WL 993319, at *6 (C.D. Cal. Feb. 27, 2015), aff'd, 671 F. App'x 562 (9th Cir. 2016).

9  Furthermore, Cabrera filed an identical lawsuit to the Robinsons on or about

10  March 3, 2014, in *Cabrera v. GSR Mortgage Loan Trust 2005-AR2*, No. KC066701

11  (Los Angeles Sup. Ct.) in an attempt to expunge the Deed of Trust in an attempt to

12  expunge the Deed of Trust by, identical to the Robinsons' scheme, omitting MERS and

13  only naming their original lender.  MERS successfully intervened in the suit and filed

14  a cross-complaint against Cabrera, arguing that MERS's Due Process rights were

15  violated by Plaintiff's failure to provide notice of the prior quiet title action to MERS

16  as the record beneficiary of the Deed of Trust.

17  Plaintiffs have simply refiled their previous Complaints, and styling "new"

18  causes of action which arise from the very same "primary right" as all the others; namely

19  the MERS's status and rights under the Deeds of Trust.  This action is duplicative of

20  the claims previously litigated in the prior Actions.  Plaintiffs' Instant Complaint asserts

21  two causes of action for declaratory relief, both of which are claims repeated from their

22  previously adjudicated actions in an attempt to rehash the same "primary right" that the

23  Central District, Ninth Circuit and the Los Angeles Superior Court have already

24  previously adjudicated and dismissed with final decisions on the merits.  *See generally*

25  RJN, Ex. A and B.

26  The dismissals with prejudice by the District Court, Ninth Circuit and Los

27  Angeles Superior Court are final determinations on the merits.  *See Stites v. Ross*, 862

28  F.2d 875 (9th Cir. 1988) (holding "Unpublished decisions in California have no

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Case No. 2:18-cv-08209-PA-MRW        – 8 –

precedential value; however, may be used to apply the doctrines of res judicata, collateral estoppel, and law of the case."). *See Franklin v. U.S. Dep't of Labor*, No. C 00-3190 SI, 2001 WL 793284, at *3 (N.D. Cal. July 9, 2001) (holding the ruling was affirmed on appeal by the Ninth Circuit and constitutes a final judgment for res judicata purposes.). Further, MERS is a party to this case as well as the 2013 with the Robinsons, and 2014 action with Cabrera. Accordingly, this matter should be dismissed under the doctrine of claim preclusion. Since Plaintiffs' current complaint, just as set forth in their prior Complaints, seeks the same "primary right" - to prevent MERS from holding or assigning their Deeds of Trust, thus making the Deeds of Trust unenforceable, their entire Instant Complaint is barred by res judicata and should be dismissed. The underlying allegations were raised and these declaratory relief causes of action could have and should have been raised in their prior 2012, and 2014 actions.

Plaintiffs – dissatisfied with the outcome of their prior lawsuits – continue to attempt to re-litigate the same claims against the same party that have already been decided against them. This is the exact kind of meritless, dilatory, and wasteful action that res judicata seeks to prevent. Accordingly, Plaintiffs' entire complaint is barred by the doctrine of res judicata and should, therefore, be dismissed with prejudice.

## B. Plaintiffs' Claims Fail To Support Declaratory Relief

Plaintiffs are not entitled to declaratory relief. Code of Civil Procedure § 1060 permits actions for declaratory relief only where there exists an "actual controversy relating to the legal rights and duties of the respective parties." Code Civ. Proc., § 1060. A claim for declaratory relief fails because it is not a cause of action in and of itself. *Kimball v. Flagstar Bank F.S.B.*, 881 F.Supp.2d 1209, 1219-21 (S.D. Cal. 2012). (holding a substantive cause of action is necessary for a court to grant declaratory relief because declaratory relief is not an independent cause of action). *See also Lane v. Vitek Real Estate Industries Group*, 713 F. Supp. 2d. 1092, 1104 (E.D. Ca. 2010) (holding because declaratory relief is not a cause of action in and of itself, the court must dismiss Plaintiff's cause of action for declaratory relief against MERS). Declaratory relief is

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   only available when there is "a substantial controversy, between parties having adverse

2   legal interests, of sufficient immediacy and reality to warrant the issuance of a

3   declaratory judgment." *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 671 (9th Cir.

4   2005). Courts have found "substantial controversy" to mean that the "plaintiff has a

5   real and reasonable apprehension that he will be subject [to suit]." *E & J Gallo Winery*

6   *v. Proximo Spirits, Inc.*, 583 Fed. Appx. 632, 634 (9th Cir. 2014). Courts emphasize

7   that the "fundamental basis of declaratory relief is the existence of an actual, present

8   controversy over a proper subject." *City of Cotati v. Cashman*, 29 Cal. 4th 69, 79

9   (2002).

10      Here, Plaintiffs fail to plead a single fact showing an actual controversy. *See*

11  *generally* Compl. Plaintiffs seek judicial determination in the form of requests that the

12  Court enter Declaratory Judgment as to whether MERS is a beneficiary or nominee.

13  Compl., ¶¶ 12-14, 25-34. As a threshold matter, this lack of actual controversy is

14  especially pronounced as to the Robinsons. The Robinsons Deed of Trust was released

15  on or about August 2, 2018, in the Los Angeles County Recorder's office as Instrument

16  number 15612362. RJN Exh. D. Thus, the Robinsons' Deed of Trust is void.

17  Consequently, this Court cannot make any judicial determination on a nullified

18  document. Further, when an event occurs that prevents the court from granting effective

19  relief, the claim is moot and must be dismissed. *Am. Rivers v. Nat'l Marine Fisheries*

20  *Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997), as amended (Sept. 16, 1997)

21      Moreover, although unclear, Plaintiffs seem to take issue with the plain

22  language of the Deeds of Trusts. Plaintiffs' vague conclusions and theories fail to meet

23  the *Twombly* standard, of alerting MERS what the factual allegations are and what legal

24  authority supports her claims. *Twombly*, 550 U.S. at 545. For example, Plaintiffs

25  merely conclude that the Deeds of Trust are "false and untrue" and MERS relied on

26  "fabricated, meritless and self-serving position that they possess `Bare legal title' and

27  therefore seek a "Declaratory Judgment of Relief judicially declaring that MERS is not

28  a beneficiary or nominee under the Deeds of Trust. Compl. ¶¶ 8, 17, 28, 34. It is unclear

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1  why Plaintiffs seek this relief.  Plaintiffs do not allege that their loans are in default, and

2  there are no allegations that a foreclosure is pending.  *See generally* Complaint.

3  Therefore, it is unclear what substantial controversy could possibly exist that could

4  entitle Plaintiffs the Declaratory Relief they seek here.  Thus, the relief Plaintiffs seek

5  relative to MERS's status as a beneficiary or nominee therein are not ripe for review.

6  *See Principal Life Ins. Co.* at 671 (there must be a substantial controversy for the court

7  to consider a declaratory judgment).  Because Plaintiffs do not allege a controversy,

8  Plaintiffs' declaratory relief claim fails as a matter of law, and should be dismissed with

9  prejudice for this reason alone.

10      Moreover, to the extent that Cabrera brought this lawsuit to challenge MERS's

11  standing or ability to hold or assign the Cabrera Deed of Trust, California's non-judicial

12  foreclosure scheme simply does not "provide for a judicial action to determine whether

13  the person initiating the foreclosure is indeed authorized" to do so.  *Gomes v.*

14  *Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1155 (2011).

15      In *Gomes*, a borrower sought declaratory relief from the court as to whether the

16  nominee beneficiary under his deed of trust, was entitled to foreclose.  *Id.* at 822.  The

17  court held that California's exhaustive nonjudicial foreclosure scheme, Civil Code

18  Sections 2924-2924i, does not "provide for a judicial action to determine whether the

19  person initiating the foreclosure is indeed authorized" to do so.  *Id.* at 824.  It also held

20  that the borrower expressly gave the defendants the authority to foreclose in the deed

21  of trust, and thus was prohibited from challenging foreclosure on that basis as well.  *Id.*

22  at 827.  Because Plaintiffs' request for declaratory relief seems to question MERS's

23  authority to foreclose, there is no actual controversy and this claim should be dismissed.

24  *See Robinson v. Countrywide Home Loans, Inc.*, 199 Cal. App. 4th 42, 46 (2011) ("We

25  agree with the *Gomes* court that the statutory scheme (§§ 2924–2924k) does not provide

26  for a preemptive suit challenging standing.  Consequently, plaintiffs' claims for

27  damages for wrongful initiation of foreclosure and for declaratory relief based on

28

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

Exhibit 3 - Page  156

plaintiffs' interpretation of section 2924, subdivision (a), do not state a cause of action as a matter of law.").

## C.   California Law is Clear that MERS Is The Beneficiary and Nominee Under Both Deeds of Trust As Plaintiffs Concede

The Central District has already rejected the Robinsons' attempt to challenge MERS's beneficiary status because California law "flatly rejects it." *Mortg. Elec. Registration Sys. v. Robinson*, 45 F. Supp. 3d 1207, 1212 (C.D. Cal. 2014). The leading case, cited by that court, is *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 268 (1st Dist. 2011), disapproved of on other grounds in *Yvanova v. New Century Mortgage Corp.*, 365 P.3d 845, 199 Cal. Rptr. 3d 66 (2016).[1] The borrower challenged MERS's authority under the deed of trust. The trial court sustained the demurrers without leave to amend, and the court of appeals affirmed:

> . . . MERS is designated as the beneficiary in deeds of trust, acting as "nominee" for the lender…

> . . . MERS is the beneficiary, acting as a nominee for the lender. There is nothing inconsistent in MERS's being designated both as the beneficiary and as a nominee, i.e., agent, for the lender. The legal implication of the designation is that MERS may exercise the rights and obligations of a beneficiary of the deed of trust.

198 Cal. App. 4th at 266, 267, 269, 273.

The Ninth Circuit has reached the same conclusion. *See e.g., Benson v. Ocwen Loan Servicing, LLC*, 562 F. App'x 567, 570 (9th Cir. 2014) (MERS "had the authority to substitute Western Progressive as the trustee because MERS was the beneficiary on

_____

[1] In *Yvanova*, 365 P.3d 845, the California Supreme Court disapproved of *Fontenot* and similar cases to "the extent they held borrowers lack standing to challenge an assignment of the deed of trust as void" in a wrongful foreclosure action. *Id.* at 859 n.13. This is not a wrongful foreclosure action. *Yvanova* does not undermine the portions of *Fontenot* or other cited cases relevant to this case. *See Saterbak v. JP Morgan Chase Bank, N.A.*, 245 Cal.App.4th 808, 815(2016)(affirming that *Yvanova* does not overrule established California law upholding MERS's right to hold California deeds of trust and exercise the rights granted to it thereunder).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

the deed of trust, . . . and was HSBC's nominee").  So have all the other courts in California to address the issue.  *See Hollins v. Recontrust, N.A.*, No. CV 11-945 PSG PLAX, 2011 WL 1743291 (C.D. Cal. May 1, 2011) at *3, and cases there cited ("where MERS acts as a beneficiary under a deed of trust, it has the right to assign its interest"); *E.g., Siliga v. Mortgage Elec. Registration Sys., Inc.*, 219 Cal. App. 4th 75, 83 (2d Dist. 2013), disapproved of on other grounds in *Yvanova*, 365 P.3d 845.

Here, as set forth above, Plaintiffs each signed their Deeds of trust and agreed MERS is a beneficiary, and nominee under the Deeds of Trust.  Consequently, Plaintiffs agreed to MERS's designation as beneficiary when they signed their Deeds of Trust and agreed to all rights granted to MERS thereunder.  *See* Compl. Exh. A, C, ¶¶23, 25. Plaintiffs' claims fail because it is well settled that MERS was the beneficiary of Robinson Deed of Trust and is the beneficiary under the Cabrera Deed of Trust and has authority to hold or assign its interest under California law.  *See Gomes v. Countrywide Home Loans, Inc.*, 121 Cal. Rptr. 3d 819, 826 (2011) "Specifically, [Plaintiff's] agreed that 'MERS (as nominee for Lender and Lender's successors and assigns) has . . . the right to foreclose and sell the Property.'  [Plaintiffs] agreement that MERS has the authority to foreclose thus precludes him from pursuing a cause of action premised on the allegation that MERS does not have the authority to do so."), pet. for review denied, No. S191816, 2011 Cal. LEXIS 5306 (May 18, 2011), cert. denied, 565 U.S. 959 (2011); *see also Calvo v. HSBC Bank USA, N.A.*, 130 Cal. Rptr. 3d 815, 821 (Cal. Ct. App. 2011) ("Plaintiff agreed in the deed of trust that MERS had the right to initiate foreclosure and instruct the trustee to exercise the power of sale as nominee (*i.e.*, agent) of the original lender and its successors."), pet. for review denied, No. S197440, 2012 Cal. LEXIS 42 (Jan. 4, 2012); *id.* ("MERS was both the nominal beneficiary and agent (nominee)...Thus, MERS had the statutory right to initiate foreclosure on behalf of HSBC Bank pursuant to section 2924, subdivision (a)(1)."). *Siliga v. Mortgage Elec. Registration Sys, Inc.*, 219, Cal. App. 4th 75,161 (Cal. Ct. App. 2013) (holding that a trustor that agreed that MERS has the authority to exercise all of the rights of the lender

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1   is precluded from asserting a cause of action based on allegation that MERS has no

2   authority to exercise those rights.   Courts have long agreed that MERS is a valid

3   beneficiary. *See Lane v. Vitek Real Estate Industries Group*, 713 F. Supp.2d 1092 (E.D.

4   Cal. 2010) ("MERS has standing to foreclose as nominee for the lender and beneficiary

5   of the Deed of Trust and may assign its beneficial interest to another party."); *Gomes* at

6   826 (MERS has the authority to foreclose on deed of trust). *Zadrozny v. Bank of New*

7   *York Mellon*, 720 F.3d 1163, 1169 (9th Cir. 2013) (MERS may serve as a beneficiary).

8        MERS's status and rights under a California deed of trust are a matter of state

9   substantive law, and this Court must enforce the California courts' recognition of those

10   rights. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 71-79 (1938).   Plaintiffs cannot dispute

11   MERS's status as a beneficiary and nominee.   *Gomes*, 192 Cal. App. 4th 1157 at n.9

12   (holding the deed of trust "permit MERS to initiate foreclosure as a nominee (i.e. agent)

13   of the noteholder.") (citing Cal. Civ. Code § 2924).

14        Plaintiffs seek a judicial determination in contrast with contrary to well-settled

15   California law.   Accordingly, Plaintiffs' declaratory relief claims fail as a matter of law,

16   and should be dismissed with prejudice.

17   **D.   The Deeds of Trust Alone Provide the Predicate for a Dismissal in**

18        **Favor of MERS**

19        The plain language of the Deeds of Trust alone provide the basis for judgment in

20   favor of MERS.   MERS's claim is evident from the face of that document, which was

21   recorded in the Los Angeles County land records. *See* Compl., Exh. A, B, ¶¶ 3, 4, 20,

22   23.   In *Fontenot*, the court of appeals approved the trial court's judicial notice of

23   MERS's role as beneficiary because MERS's "status was not a matter of fact existing

24   apart from the document itself." *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App.

25   4th 256, 268 (1st Dist. 2011), disapproved of on other grounds in *Yvanova v. New*

26   *Century Mortgage Corp.*, 365 P.3d 845, at 266 (2016) MERS was the beneficiary under

27   the deed of trust because, as a legally operative document, the deed of trust designated

28

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

Exhibit 3 - Page  159

1  MERS as the beneficiary. Given this designation, MERS's status was not reasonably

2  subject to dispute. *Id.*

3      Moreover, as the borrowers who signed the Deeds of Trust, Plaintiffs cannot

4  dispute the authority granted in that document. *See* Compl., Exh. A, Exh. B, ¶¶ 3-4, 20,

5  23. California courts routinely and soundly reject such challenges. In *Cervantes*,

6  borrowers brought various challenges to MERS's deeds of trust. They alleged that

7  MERS was not a proper beneficiary because it had no financial interest in the loan.

8  *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1042 (9th Cir. 2011).

9  Affirming dismissal, the Ninth Circuit held that the deeds of trust constituted plaintiffs'

10  agreement that MERS was the beneficiary, and the nominee for the lender and lenders'

11  successors and assigns, and that MERS was authorized to exercise all rights granted

12  under the deed of trust. *Id.*

13      The California courts are in accord. *See e.g., Siliga*, 219 Cal. App. 4th at 83

14  (party who "agreed under the terms of the deed of trust that MERS, as the lender's

15  nominee, has the authority to exercise all of the rights and interests of the lender,

16  including the right to foreclose, is precluded from maintaining a cause of action based

17  on the allegation that MERS has no authority to exercise those rights."); *Gomes*, 192

18  Cal. App. 4th at 1157 ("by entering into the deed of trust, Gomes agreed that MERS

19  had the authority to initiate a foreclosure.").

20      Plaintiffs seek declaratory relief contrary to the plain language of their Deeds of

21  Trust and accordingly their claims for declaratory relief should be dismissed.

22  **V.   CONCLUSION**

23      For the foregoing reasons, MERS respectfully requests that this Court grant its

24  motion to dismiss with prejudice.

25  DATED: September 28, 2018       REED SMITH LLP

26                         By: /s/ Le T. Duong

27                         Le T. Duong
                       Attorneys for Defendant

28                         Mortgage Electronic Registration Systems, Inc.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware