Exhibit 6

99002163

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.;
ADDITIONAL PARTIES ATTACHMENT FORM IS ATTACHED

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ROBINSON, DANIEL W.; ROBINSON, DARLA J.; CABRERA, MIGUEL A.

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
Superior Court of California
County of Los Angeles

OCT 30 2018

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Steve Orozco

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES - NORTH VALLEY DISTRICT
Chatsworth Courthouse: 9425 Penfield Ave., Chatsworth, CA 91311

**CASE NUMBER:** 18CHCV00052

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Law Offices: West & Assoc's: 700 N Pacific Coast Hwy #201, Redondo Beach, Ca 90277  310.374.4141

DATE: OCT 30 2018  Sherri R. Carter  Clerk, by _____, Deputy
*(Fecha)*  *(Secretario)*  *(Adjunto)*
STEVEN OROZCO

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Mortgage Electronic Registration Systems Inc
   under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☒ by personal delivery on *(date)*: 2/20/19

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit 6 - Page 166

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Robinson, et al. vs. Mortgage Electronic Registration Systems, Inc | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff  ☑ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant

ADDITIONAL PARTIES ATTACHMENT TO SUMMONS :

(not MERSCORP HOLDINGS, INC. a separate and distinct unrelated entity);
UNITED PACIFIC MORTGAGE, a California General Partnership;
UNIVERSAL AMERICAN MORTGAGE COMPANY OF CALIFORNIA,
a California Corporation; and Does 1-25



RECEIVED
FEB 20 2019
JR

Page  1  of  1

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

Exhibit 6 - Page 167

1  Law offices: "WEST & ASSOCIATES"
   AL WEST EsqSbn 134456
2  700 N Pacific Coast Hwy #201
   Redondo Beach, Calif. 90277
3  310.374.4141 * 310.372.4137
   WestandAssociates1@GMail.Com

4  Attorney for Plaintiff(s):
   (Robinson, Daniel W.; Robinson, Darla J.;
5  Cabrera, Miguel A.)

FILED
Superior Court of California
County of Los Angeles

OCT 30 2018

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Steve Orozco

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF LOS ANGELES – NORTH VALLEY DISTRICT
### "Chatsworth Courthouse"

| | |
|---|---|
| ROBINSON, DANIEL W.; ROBINSON, DARLA J.; CABRERA, MIGUEL A. | CASE # **18CHCV00052** |
| Plaintiff(s), | **COMPLAINT** for **DECLARATORY JUDGMENT/RELIEF** |
| vs | 1) A Judicial determination and declaration that Mortgage Electronic Registration Systems, Inc. ("MERS") is not a true or actual "Beneficiary" under a Deed of Trust, and therefore does not hold any rights, title or interest to the property subject to the Deed of Trust; |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; (not MERSCORP HOLDINGS, INC. a separate and distinct unrelated entity); UNITED PACIFIC MORTGAGE, a California General Partnership; UNIVERSAL AMERICAN MORTGAGE COMPANY OF CALIFORNIA, a California Corporation; and Does 1-25 | 2) A Judicial determination and declaration that Mortgage Electronic Registration Systems, Inc. ("MERS") is not a true or actual "Nominee" or "Agent" under a Deed of Trust, and therefore does not hold any rights, title or interest to the property subject to the Deed of Trust |
| Defendant(s). | |

### NATURE OF JUDICIAL RELIEF SOUGHT

Plaintiffs Daniel W. Robinson; Darla J. Robinson (hereinafter referred to as "Robinsons"); Miguel A. Cabrera (hereinafter referred to as "Cabrera") by way of instant action exclusively seek a decision and ruling of two very specific Judicial

- 1 -
*COMPLAINT FOR DECLARATORY JUDGMENT/RELIEF*

Exhibit 6 - Page 168

"Declaratory Judgments" and or "Relief" and noting more at this time, but do reserve any and all further relief which may be afforded to them as a result of instant action, or any other frivolous actions which may exist under the laws of the State of California and the United States.

The specific relief sought are as follows:

**1ˢᵀ REQUEST FOR DECLARATORY JUDGMENT/RELIEF:**

A Judicial determination and declaration that *Mortgage Electronic Registration Systems, Inc. (hereinafter referred to as "MERS") and not "MERSCORP HOLDINGS, INC.", a separate and distinct unrelated entity, is not a true or actual "Beneficiary" under the "Robinsons" or "Cabrera" Deed of Trust (or any other similar Deed of Trust) even though it is misrepresented and improperly stated, and therefore "MERS" does not hold any rights, title or interest to the relative property subject to the Deed of Trust';*

**2ᴰ REQUEST FOR DECLARATORY JUDGMENT/RELIEF:**

*A Judicial determination and declaration that Mortgage Electronic Registration Systems, Inc. (hereinafter referred to as "MERS") and not MERSCORP HOLDINGS, INC., a separate and distinct unrelated entity, is not a true or actual "Nominee or "Agent" under the "Robinsons" or "Cabrera" Deed of Trust (or any other similar Deed of Trust) even though it is misrepresented and improperly stated, and therefore "MERS" does not hold any rights, title or interest to the relative property subject to the Deed of Trust';*

### NOTICE OF RELATED ACTIONS

1) As to the "Robinsons"

The "Robinsons" had a previous "Quiet Title" action which came to its conclusion case number: LASCC #PC052281

2) As to "Cabrera"

"Cabrera" had two previous actions, one sounding in "Quiet Title" and the second based upon the "Cancellation and Expungement" of certain title instruments both of which came to their conclusion case number: the first LASCC #KC062236; the second LASCC #KC066701 respectively.

///
///

- 2 -
COMPLAINT FOR DECLARATORY JUDGMENT/RELIEF

Exhibit 6 - Page 169

## PARTIES

3) Plaintiffs the "Robinsons" herein allege, that at all times relevant hereto that they resided in the County of Los Angeles and State of California whose subject property is so situated and physically located and whose Deed of Trust is recorded against, both of which is within this Courts State, County, Judicial District and jurisdiction;

4) Plaintiff "Cabrera" herein alleges, that at all times relevant hereto that he resided in the County of Los Angeles and State of California whose subject property is so situated and physically located and whose Deed of Trust is recorded against, both of which is within this Courts State, County, Judicial District and jurisdiction;

5) Plaintiffs herein allege, that at all times relevant hereto Defendant *"Mortgage Electronic Registration Systems, Inc."*, an unknown business entity is doing business in the State of California, in the County of and City where subject property is so situated and physically located and whose Deeds of Trusts are recorded against, both of which is within this Courts County and Judicial District;

6) Plaintiffs herein allege, that at all times relevant hereto Defendant *"United Pacific Mortgage"*, a California General Partnership doing business in the State of California, in the County of and City where subject property is so situated and physically located and whose Deeds of Trusts are recorded against, both of which is within this Courts County and Judicial District;

7) Plaintiffs herein allege, that at all times relevant hereto Defendant *"Universal American Mortgage Company of California"*, a California Corporation doing business in the State of California, in the County of and City where subject property is so situated and physically located and whose Deeds of Trusts are recorded against, both of which is within this Courts County and Judicial District;

8) Plaintiff is unaware of the true names and capacities of any individuals and/or entities sued herein under the fictitious names Does 1 to 25, inclusive or, to

8) Plaintiff is unaware of the true names and capacities of any individuals and/or entities sued herein under the fictitious names Does 1 to 25, inclusive or, to the extent that the names of such individuals or entities may become known to Plaintiff, and as such Plaintiff cannot state with any certainty that such a Cause of Action lies herein as against such individuals or entities, or Plaintiff is unable to allege the elements of such Cause of Action, at this time, and as such said Defendant(s) are herein named in accordance with the provisions of *(Cal Code of Civil Procedure Sec. 474)*. Plaintiff thereon reserves the right to amend instant Complaint to allege the true names and capacities of such fictitiously named Defendant(s) when the same become known or when it has been ascertained with reasonable certainty that such Cause of Action hereunder can be satisfactorily stated and maintained as against each such fictitiously named individual or entity;

## GENERAL ALLEGATIONS

9) Possessed and stated within the "Robinsons" and "Cabrera" relevant Deeds of Trusts currently on title and recorded against their respective real properties (similar to the millions of other mortgage Deeds of Trusts of homeowners throughout the United States) are two inappropriate, incorrect, misrepresented and false provisions (required as a matter of adhesion), the first of which states that "*Mortgage Electronic Registration Systems, Inc., (MERS) is the Beneficiary under this security instrument*". The second is that "*Mortgage Electronic Registration Systems, Inc., (MERS) is a separate corporation that is acting solely as a Nominee for Lender and Lender's successors an assigns*".

10) Both of these statements and representations are incorrect, false and untrue. It is these two false representations that **"MERS"** inappropriately relies upon to incorrectly and from a false position operate and believe that they hold some sort of right, title and or interests to the real property these very Deeds of Trust relate, which they legally and absolutely do not. Not only as to the "Robinsons" and

"Cabrera" real property but also all of those millions of other mortgage Deeds of Trust.

11) Given this, although presented and discussed further herein "MERS" takes the misplaced and misguided position that they hold some sort of "Bare Legal Title" to these properties which grants or empowers them to act or effectuate transactions relative to these properties. A distorted and fabricated position without any legal support or authority.

## A CURRENT AND SIGNIFICANT CONTROVERSY EXIST

12) Currently on title and affecting the relative "Robinsons" and "Cabrera" real property Land Records (as well as all of the millions of similarly situated home owners throughout the U.S.) are these false and incorrect Deeds of Trusts, which significantly effect the vendibility, marketability, value and insurability of each and every on of these parcels of real property;

13) In absence of a Judicial determination and Declaratory Judgment of Relief this dilemma affecting the current and full extent as to the respective rights, title and interests of the "Robinsons" and "Cabrera" real property are in opposite, or stand as opposed to the claim on behalf of "MERS" will continue to exist unresolved.

## "MERS" IS NOT A "BENEFICIARY"

14) That which defines what a "Beneficiary" is in the context of a residential financing mortgage arrangement goes back to the earliest of times without change, and is unequivocally : 1) an individual or entity that does the actual lending of the funds or proceeds relative to the subject "Promissory Note"; 2) is this individual or entity clearly enumerated and stated as the "Lender" on the "Promissory Note"; 3) that this individual or entity is entitled to the agreed upon payments as outlined within the "Promissory Note"; and lastly 4) that this individual or entity would be the one who would sustain the loss or harm in the event of a default. "MERS" fails to qualify as to each and every one of these qualifying required

factors a number of which by their own admission. They neither lend, are stated on the Note, receive payments, nor would sustain harm in the event of a default.

///

## "MERS" IS NOT A "NOMINEE"

15) A "Nominee" is nothing more than an *agent* of another, or of a principal which only comes into being, and is created by an agency agreement among and between the Principal and the Agent with very specific and stated terms and provision outlining with specificity the authority, powers and granted rights, limited by those rights and power possessed by the Principal.

16) To begin, it is flawed to argue or contend that two parties, one of which is not the alleged agent, can create an agency agreement for and on behalf of a third party.

17) The "Robinsons", "Cabrera" Deeds of Trusts are entered into and executed by the Lender and the "Robinsons", "Cabrera" as the home owner borrowers not "MERS". As such there does not exist any privity of contact involving "MERS". This scenario does not create an agency agreement.

18) Secondly, there does not exists any sort of Agency Agreement between the Lender and "MERS", and the contention countlessly put forward by "MERS" that their membership agreement satisfied as the agency agreement is flawed, without merit and just outright frivolous.

## "BARE LEGAL TITLE"

19) When all arguments or contentions on behalf of "MERS" that they are a "Beneficiary and or "Nominee" fails and or is debunked, they resort to the fabricated, meritless and self-serving position that they possess "Bare legal title" by virtue of the stated and enumerated clause of adhesion within subject Deeds of Trusts. This position has been brought forward and asserted by "MERS" without any legal authority whatsoever, and is the product of a self-serving argument.

1 right to prosecute a claim, but no right to the substantive recovery cannot show that he has a personal stake in the litigation". By analogy where **"MERS"** claims to have been granted "Bare legal title", if accepted as an argument, the end result would conclude that this grant would not grant any rights, title or interest to the substantive asset which would be the "Robinsons" or "Cabrera" real property.

21) To conclude "Bare legal title" grants absolutely no rights title or interests in any real property.

### SPECIFIC ALLEGATIONS AS TO THE ROBINSONS

22) In 2005 the "Robinsons" purchased a residential home and entered into a mortgage home financing arrangement, which included the execution of a Promissory Note and Deed of Trust, the subject of inquiry and the basis of the "Declaratory Relief" sought within this action. (see Attachment "A")

23) The Promissory Note and Deed of Trust relative to the Robinson Mortgage financing states as the true and correct lender and beneficiary as *"United Pacific Mortgage"*, a California General Partnership.

24) Of further significance during the investigation of this matter Plaintiffs "Robinsons" were able to secure a declaration from the CEO (Daryl Wizelman) of "United Pacific Mortgage" one of the senior Partners of the "Robinsons" Lender who emphatically stated that **"MERS"** was neither a "Beneficiary" or "Nominee Agent" of the lender, nor did this Lender have any association with **"MERS"**. (see Attachment "B")

25) It is this "Robinsons" Deed of Trust attachment "A" which is the subject of inquiry and that of which forms the basis for the relief sought by and through instant "Declaratory Relief" action.

### SPECIFIC ALLEGATIONS AS TO CABRERA

26) In 2004 Cabrera purchased a residential home and entered into a mortgage home financing arrangement, which included the execution of a Promissory Note and Deed of Trust, the subject of inquiry and the basis of

the "Declaratory Relief" sought within this action. (see Attachment "C")

27) The Promissory Note and Deed of Trust relative to the Cabrera Mortgage financing states as the true and correct lender and beneficiary as *"Universal American Mortgage Company of California"*, a California Corporation.

28) It is this "Cabrera" Deed of Trust attachment "C" which is the subject of inquiry and that of which forms the basis for the relief sought by and through instant "Declaratory Relief" action.

## 1ST
## FIRST CAUSE OF ACTION
## for
## DECLARATORY RELIEF
*("MERS" is not a "Beneficiary")*

29) Plaintiffs herein incorporates by reference, restates, realleges, and reasserts any and all previously alleged allegations, facts, and paragraphs (1-28);

30) Plaintiffs herein allege, based upon the factual documents attached hereto and on information and belief that **"MERS"** is not a "Beneficiary" merely because it is stated so within a Deed of Trust.

31) To legally qualify as a <u>true</u> and <u>actual</u> "Beneficiary" within a mortgage financing arrangement, it is legally required that one must be the individual or entity who actually does the lending of the funds or proceeds relative to a "Promissory Note", further that this individual or entity is clearly enumerated and stated as the "Lender" on the "Promissory Note", and that this individual or entity is entitled to the agreed upon payments as outlined within the "Promissory Note", and lastly that this individual or entity would be the one who would sustain the loss or harm in the event of a default. **"MERS"** fails to qualify on each and every one of these qualifying required characteristics a number of which by their own admission. They neither lend, are stated on the Note, receive payments, nor sustain harm in the event of a default.

1 event of a default. **"MERS"** fails to qualify on each and every one of these qualifying
2 required characteristics a number of which by their own admission. They neither
3 lend, are stated on the Note, receive payments, nor sustain harm in the event of a
4 default.

5     32) As such it would be within this Court's jurisdiction to render a
6 Declaratory Judgment of Relief, judicially declaring that **"MERS"** is legally not in fact
7 a true and actual "Beneficiary", and further that they do not hold or possess any
8 rights, title or interest to the real property the subject of instant Deeds of Trusts for
9 and on behalf of the "Robinsons" and "Cabrera" (as well as all of the other similarly
10 situated Deeds of Trusts).

### *2nd*
### SECOND CAUSE OF ACTION
### *for*
### DECLARATORY RELIEF
*("MERS" is not a "Nominee")*

15     33) Plaintiffs herein incorporates by reference, restates, realleges, and
16 reasserts any and all previously alleged allegations, facts, and paragraphs (1-32);

17     34) Plaintiffs herein allege, based upon the factual documents attached
18 hereto and on information and belief that **"MERS"** is not a "Nominee" merely
19 because it is stated so within a Deed of Trust.

20     35) To qualify as a "Nominee" an individual or entity must be an agent of
21 another, or of a principal which agency only comes into being, and is created by an
22 agency agreement among and between the Principal and the Agent with specific and
23 stated terms and provisions outlining with specificity the authority, powers and
24 granted rights, limited by those rights and power possessed by the Principal.

25     36) To begin, it is flawed to argue or contend that two parties, one of which
26 is not the alleged agent, can create an agency agreement for and on behalf of a third
27 party.

28     37) The "Robinsons", "Cabrera" (and all similarly situated) Deeds of

Trusts are entered into and executed by the Lender and relative home owner borrower not "MERS". As such there does not exist any privity of contact involving "MERS".

This scenario does not create an agency agreement.

38) Secondly, there does not exists any sort of Agency Agreement between the Lender and "MERS".

As such it would be within this Court's jurisdiction to render a Declaratory Judgment of Relief, judicially declaring that "MERS" is legally not in fact a "Nominee" or agent, and further that they do not hold or possess any rights, title or interest to the real property the subject of instant Deeds of Trusts for and on behalf of the "Robinsons" and "Cabrera" (as well as all of the other similarly situated Deeds of Trusts.

## PRAYER

*WHEREFORE*, Plaintiffs the "Robinsons" and "Cabrera" prays this Court for relief as follows:

A) For a Decree, Order, Judicial Determination and or Declaratory Judgment that *"Mortgage Electronic Registration Systems, Inc."* is not a true or actual "Beneficiary" under the "Robinsons" or "Cabrera" Deed of Trust (or any other similar Deed of Trust) and therefor does not hold any rights, title or interest to the real property subject to the Deed of Trust;

B) For a Decree, Order, Judicial Determination and or Declaratory Judgment that *"Mortgage Electronic Registration Systems, Inc."* is not is not a true or actual "Nominee or Agent" under the "Robinsons" or "Cabrera" Deed of Trust (or any other similar Deed of Trust) and therefor does not hold any rights, title or interest to the property subject to the Deed of Trust'.

C) For such additional and further relief as the Court may deem just and reasonable;

D) For Attorney's Fees;

E) For such reasonable costs of suit.

Dated: OCT 22 2018

A West Esq
Attorney for Plaintiff(s)
"Daniel W. Robinson, Darla J. Robinson & Miguel A. Cabrera"
- 11 -
COMPLAINT FOR DECLARATORY JUDGMENT/RELIEF

Exhibit 6 - Page 178