Abraham Colman (SBN 146933)
Email:  acolman@reedsmith.com
Raffi Kassabian (SBN 260358)
Email:  rkassabian@reedsmith.com
REED SMITH LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA  90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Le T. Duong (SBN 297662)
Email:   lduong@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA  94105-3659

*Attorneys for Defendant*
*Mortgage Electronic Registration Systems, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – FIRST STREET U.S. COURTHOUSE

| | |
|---|---|
| ROBINSON, DANIEL W.; ROBINSON, DARLA J.; CABRERA, MIGUEL A.<br><br>Plaintiffs,<br><br>vs.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., UNITED PACIFIC MORTGAGE; UNIVERSAL AMERICAN MORTGAGE COMPANY OF CALIFORNIA; and DOES 1 through 25,<br><br>Defendants. | Case No.: 2:19-cv-02185-PA-MRW<br><br>**DEFENDANT MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:  May 6, 2019<br>Time:  1:30 p.m.<br>Place:  9A, 9th Floor<br><br>Complaint Filed:  October 30, 2018<br><br>Honorable Judge Percy Anderson<br>Magistrate Judge Michael R. Wilner |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on May 6, 2019 at 1:30 p.m., in Courtroom 9A, 9th Floor in the above-entitled Court located at 350 W 1st Street, Los Angeles, CA 90012-4565, Defendant Mortgage Electronic Registration Systems, Inc. ("MERS" or "Defendant") will and hereby does move this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing the Complaint of Plaintiffs Daniel W. Robinson, Darla J Robinson, and Miguel A. Cabrera (collectively, "Plaintiffs"), and each claim for relief alleged therein against MERS, on the ground that the Complaint fails to state any claim upon which relief can be granted.

This motion is made following a meet and confer with Plaintiffs' counsel pursuant to L.R. 7-3. Specifically, Defendant removed this action on Friday, March 22, 2019. On Monday, March 25, 2019, Defendant's counsel called Plaintiffs' counsel via telephone to meet and confer but was unable to speak with counsel. Defendant's counsel sent a follow-up e-mail correspondence asking counsel whether he was available to meet and confer. Plaintiffs responded by phone on Wednesday March 27, 2019, leaving a brief message. The Parties met and conferred at length by telephone regarding the issues addressed herein on March 28, 2019. Further, Defendant's counsel previously met and conferred on September 7, 2018, in a predecessor action with the same parties and addressing these same issues.

Defendant's Motion is based upon this Notice of Motion, the Memorandum of Points and Authorities attached hereto, the operative Complaint, all matters of which this Court may properly take judicial notice, and any other evidence or oral argument as the Court may consider in connection with this Motion to Dismiss.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  DATED:  March 29, 2019                    REED SMITH LLP

2

3                                            By: */s/Le T. Duong*
                                                Abraham Colman (SBN 146933)
4                                               Raffi Kassabian (SBN 260358)
                                                Le T. Duong (SBN 297662)
5                                               *Attorneys for Defendant Mortgage*
                                                *Electronic Registration Systems, Inc.*
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S NOTICE OF MOTION, MOTION TO DISMISS PLAINTIFFS' COMPLAINT; AND
MEMORANDUM OF POINTS AND AUTHORITIES

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# **TABLE OF CONTENTS**

Page

I.     INTRODUCTION .................................................................... 1

II.    STATEMENT OF FACTS........................................................ 1

    A.    The Instant Lawsuit.................................................... 1

    B.    Prior Litigation Between Plaintiffs and MERS ...................... 3

        1.    Prior Litigation Between the Robinsons and MERS...... 3

        2.    Cabrera's Prior Quiet Title Action and Judgment.......... 5

        3.    Plaintiffs' Prior Action for Declaratory Judgment ......... 6

III.   LEGAL STANDARD ............................................................ 7

IV.    LEGAL ARGUMENT ........................................................... 7

    A.    Res Judicata Bars the Entire Complaint.................................... 8

    B.    Plaintiffs' Claims Fail to Support Declaratory Relief ............ 11

    C.    California Law Is Clear that MERS Is the Beneficiary and Nominee Under Both Deeds of Trust ...................................... 14

    D.    The Deeds of Trust Alone Provide the Predicate for a Dismissal in Favor of MERS ................................................... 16

V.     CONCLUSION ..................................................................... 17

DEFENDANT'S NOTICE OF MOTION, MOTION TO DISMISS PLAINTIFFS' COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

**Cases**

4

*Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*,
5      988 F.2d 1157 (Fed. Cir. 1993) ................................................................. vii

6

*Am. Rivers v. Nat'l Marine Fisheries Serv.*,
7      126 F.3d 1118 (9th Cir. 1997) ................................................................... xii

8

*Ashcroft v. Iqbal*,
9      129 S. Ct. 1937 (2009) .............................................................................. vii

10

*Bell Atl. Corp. v. Twombly*,
11     550 U.S. 544 (2007) .......................................................................... vii, xii

12

*Benson v. Ocwen Loan Servicing, LLC*,
13     562 F. App'x 567 (9th Cir. 2014) ............................................................. xiv

14

*Cabrera v. GSR Mortgage Loan Trust 2005-AR2*,
15     No. KC066701 (Los Angeles Sup. Ct.) ....................................................... v

16

*Calvo v. HSBC Bank USA, N.A.*,
       130 Cal. Rptr. 3d 815 (Cal. Ct. App. 2011) ............................................... xv

17

*Cervantes v. Countrywide Home Loans, Inc.*,
18     656 F.3d 1034 (9th Cir. 2011) ................................................................. xvii

19

*City of Cotati v. Cashman*,
20     29 Cal. 4th 69 (2002) ................................................................................ xi

21

*Clegg v. Cult Awareness Network*,
22     18 F.3d 752 (9th Cir. 1996) ............................................................. vii, viii

23

*Crowley v. Katleman*,
24     8 Cal. 4th 666 ...................................................................................... viii, ix

25

*E & J Gallo Winery v. Proximo Spirits, Inc.*,
       583 Fed. Appx. 632 (9th Cir. 2014) ........................................................... xi

26

*Erie R. Co. v. Tompkins*,
27     304 U.S. 64 (1938) ................................................................................... xvi

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*Fontenot v. Wells Fargo Bank, N.A.*,
  198 Cal.App.4th 256 (1st. Dist.2011)................................................... ix, xiii, xiv, xvi

*Franklin v. U.S. Dep't of Labor*,
  No. C 00-3190 SI, 2001 WL 793284 (N.D. Cal. July 9, 2001) (holding
  the ruling was affirmed on appeal by the Ninth Circuit and constitutes
  a final judgment for *res judicata* purposes.)................................................ x

*Gomes v. Countrywide Home Loans, Inc.*,
  192 Cal. App. 4th 1149, 121 Cal. Rptr. 3d 819 (2011) ................................... *passim*

*Hollins v. Recontrust, N.A.*,
  No. CV 11-945 PSG PLAX, 2011 WL 1743291 (C.D. Cal. May 1,
  2011) at *3 ........................................................................................ xiv

*Kimball v. Flagstar Bank F.S.B.*,
  881 F. Supp. 2d 1209 (S.D. Cal. 2012) ................................................ xi

*Lane v. Vitek Real Estate Industries Group*,
  713 F. Supp. 2d. 1092 (E.D. Ca. 2010) ............................................ xi, xv

*Le Para Community Assn. v. Workers' Comp. Appeals Bd.*,
  110 Cal. App. 4th 1161 (2003) ......................................................... viii

*Lynons v. Security Pacific Nat. Bank*,
  40 Cal App. 4th 1001 (1995) ........................................................... viii

*Mortg. Elec. Registration Sys., Inc. v. Robinson*,
  671 F. .................................................................................................. v

*Mortg. Elec. Registration Sys., Inc. v. Robinson*,
  No. CV 13-7142 PSG ASX, 2015 WL 993319 (C.D. Cal. Feb. 27,
  2015), aff'd, 671 F. App'x 562 (9th Cir. 2016).............................iv, v, ix

*Mortg. Elec. Registration Sys. v. Robinson*,
  45 F. Supp. 3d 1207 (C.D. Cal. 2014)................................................ xiii

*Mycogen Corp. v. Monsanto Co.*,
  28 Cal. 4th 888 (2002) .................................................................... viii

*Navarro v. Block*,
  250 F.3d 729 (9th Cir. 2001) .............................................................. vii

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Case No.: 2:18-cv-08209-PA-MRW        – v –

*Neitzke v. Williams*,
490 U.S. 319 (1989)................................................................................vii

*Pantoja v. Countrywide Home Loans, Inc.*,
640 F. Supp. 2d 1177 (N.D. Cal. 2009).................................................. v

*Principal Life Ins. Co. v. Robinson*,
394 F.3d 665 (9th Cir. 2005)...........................................................xi, xii

*Robertson v. Dean Witter Reynolds, Inc.*,
749 F.2d 530 (9th Cir. 1984)..............................................................vii

*Robinson v. Countrywide Home Loans, Inc.*,
199 Cal. App. 4th 42 (2011)...............................................................xiii

*Saterbak v. JP Morgan Chase Bank, N.A.*,
245 Cal. App. 4th 808........................................................................xiv

*Siliga v. Mortgage Elec. Registration Sys, Inc.*,
219, Cal. App. 4th 75,161 (Cal. Ct. App. 2013)....................................xv

*Siliga v. Mortgage Elec. Registration Sys., Inc.*,
219 Cal. App. 4th 75 (2d Dist. 2013) .........................................xiv, xvii

*Staniforth v. Judges' Retirement System*,
226 Cal. App. 4th 978 (2014)...........................................................viii

*Stites v. Ross*,
862 F.2d 875 (9th Cir. 1988) ................................................................x

*Yvanova v. New Century Mortgage Corp.*,
365 P.3d 845, 199 Cal. Rptr. 3d 66 (2016)............................. xiii, xiv, xvi

*Zadrozny v. Bank of New York Mellon*,
720 F.3d 1163 (9th Cir. 2013) ...........................................................xv

**Statutes**

Cal. Civ. Code § 2924.........................................................................xvi

Cal. Civil Code § 762.10 ..................................................................iv, vi

Cal. Civil Code §§ 2924-2924i...........................................................xiii

Code Civil Procedure § 1060...........................................................i, xi

DEFENDANT'S NOTICE OF MOTION, MOTION TO DISMISS PLAINTIFFS' COMPLAINT; AND
MEMORANDUM OF POINTS AND AUTHORITIES

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**Rules**

Fed. R. Civ. P. 12(b)(6) ........................................................................vi, vii

Fed. R. Civ. P. 41(a)(1)................................................................................ vi

**Regulations**

Notice of Removal, March 22, 2019, Docket No. 1 ...................................ii, vi

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiffs Daniel W. Robinson, Darla J. Robinson (the "Robinsons"), and Miguel Cabrera's ("Cabrera") (collectively "Plaintiffs") claims against Mortgage Electronic Registration Systems Inc. ("MERS" or "Defendant") for declaratory relief fail as a matter of law.  As a preliminary matter, Plaintiffs each personally executed Deeds of Trust agreeing that MERS would be the nominee for the lender and the beneficiary under their respective Deeds of Trust.  Plaintiffs' Complaint is woefully deficient as their allegations that MERS is not a beneficiary or nominee simply do not assert an "actual controversy relating to the legal rights and duties of the respective parties" based upon which Plaintiff could make a request for declaratory relief under Code Civil Procedure section 1060 and established case law.

This lack of actual controversy is exacerbated as to the Robinsons since their Deed of Trust has been released, rendering their Deed of Trust not functional, and their claims moot.  Plaintiffs' Complaint cannot possibly be construed as stating a claim upon which relief can be granted.

Even if Plaintiffs could overcome this threshold deficiency in their claims – which they cannot – Plaintiffs personally signed their respective Deeds of Trust and consequently agreed that MERS is a beneficiary, agent, and nominee in accordance with well-settled California law.  Plaintiffs' claims fail for this reason alone.  In fact, the Central District has already decided the Robinsons' claims fail on this basis as a matter of law in prior lawsuits by the Robinsons against MERS.  For these reasons, and as more fully explained below, MERS respectfully requests this Honorable Court to dismiss Plaintiffs' complaint in its entirety *with prejudice*.

### II.    STATEMENT OF FACTS

#### A.    The Instant Lawsuit

On or about February 7, 2005, Plaintiffs Daniel W. Robinson and Darla J.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1   Robinson, husband and wife as joint tenants, signed a Deed of Trust as security for a

2   $999,950.00 mortgage loan, encumbering real property located at 19127 Romar Street,

3   Los Angeles, California 91324, which Deed of Trust was recorded in the Los Angeles

4   County Recorder's Office on February 15, 2005, at 2005-0342544 (the "Robinson Deed

5   of Trust").  *See* Compl., Ex. A, ¶¶ 3, 20[1].  The Robinson Deed of Trust names MERS

6   as "nominee for Lender and Lender's successors and assigns.  MERS is the beneficiary

7   under this Security Instrument."  *Id.* at page 1.

8        On or about October 19, 2004, Plaintiff Miguel A. Cabrera, a single man, signed

9   a Deed of Trust as security for a $390,700.00 mortgage loan, encumbering real property

10  located at 103 Crabapple Drive, Pomona, California 91767, which Deed of Trust was

11  recorded in the Los Angeles County Recorder's Office on October, 29, 2004, at 2004-

12  2801028 (the "Cabrera Deed of Trust").  *See* Compl. Exh. C, ¶¶ 4, 23.  The Cabrera

13  Deed of Trust names MERS as "nominee for Lender and Lender's successors and

14  assigns.  MERS is the beneficiary under this Security Instrument."  *Id.* at page 2.

15       Plaintiffs filed the instant Complaint on October 30, 2018 ("Complaint" or

16  "Compl."), and MERS was served with a summons on February 20, 2019

17  ("Summons"), attached collectively as **Exhibit 1**.  *See* Summons at 1; *see also* Compl.

18  at 1.  MERS timely removed this case on the basis of diversity jurisdiction on March

19  22, 2019.[2]  (Notice of Removal, March 22, 2019, Docket No. 1).  The bare bones

20  Complaint requests declaratory relief in the form of two causes of action.  *See generally*

21  Compl.  Plaintiffs allege:

22       "Possessed and stated within the [Plaintiffs] relevant Deeds of Trusts

23  _____

24  [1] Plaintiffs' Complaint in this action includes only select pages from the Deeds of Trust as
    Exhibits A and C respectively.  Plaintiffs' Original Action included complete copies and
25  Defendant respectfully requests that this Court take judicial notice of the complete Deeds of
    Trust as previously filed with the original complaint, including Exhibits A and C, filed
26  concurrently as RJN at Ex E.

27  [2] The citizenship of Defendants United and Universal American are not relevant to the
    diversity inquiry because they were fraudulently joined.  *See generally* (Notice of Removal,
28  March 22, 2019, Docket No. 1.)

currently on title and recorded against their respective real properties…are two…provisions…the first of which states that 'Mortgage Electronic Registration Systems. Inc. (MERS) is the Beneficiary under this security instrument.'.   The second is that 'Mortgage Electronic Registration Systems. Inc. (MERS) is a separate corporation that is acting solely as a Nominee for Lender under and Lenders successors an assigns."

Compl., ¶ 9. (emphasis omitted).

Plaintiffs allege that they signed their respective Deeds of Trust, however, Plaintiffs' Complaint includes no other facts to support their requests for declaratory relief.  Compl., ¶¶ 3, 4, 22, 26.  Instead, Plaintiffs rely on legal theories, conclusions, and a reference to an effaced declaration from a senior person who worked at the Robinsons' long defunct original lender, which purportedly states his opinion that MERS is not a beneficiary or agent of their company.  *See* Compl., Exh. B, ¶ 2. However, as Plaintiffs acknowledge, the Deeds of Trust that they executed stated: MERS is "the Beneficiary under this security instrument" and MERS is "a Nominee for Lender and Lender's successors an assigns".  Compl., Ex. A. at page 1, Ex. C. at page 2, ¶ 7.

**B.    Prior Litigation Between Plaintiffs and MERS**

The instant action is part of Plaintiffs' long litigation history in challenging MERS' role and authority.  Plaintiffs have both individually filed lawsuits against MERS praying for similar relief in the form of quiet title actions and have both lost. Plaintiffs' Counsel Allen D. West also represented the Robinsons in their prior action against MERS in the Central District and Ninth Circuit and Cabrera in his state court action.  Plaintiffs also filed a nearly identical lawsuit, which was dismissed by this Court.

**1.    Prior Litigation Between the Robinsons and MERS**

In January 2012 the Robinsons filed a civil action in the Los Angeles County

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

DEFENDANT'S NOTICE OF MOTION, MOTION TO DISMISS PLAINTIFFS' COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES

Superior Court, *Robinson v. United Pacific Mortgage*, case number PC052281 (the "Robinson State Action") to quiet title to the Property and expunge the Deed of Trust, which was the subject of a subsequent federal lawsuit in in the Central District of California, *Mort. Elec. Registration Sys., Inc. v. Robinson*, case number CV 13-7142 PSG ASX, affirmed by the Ninth Circuit (the "Robinson Federal Action"). *Mortg. Elec. Registration Sys., Inc. v. Robinson*, No. CV 13-7142 PSG ASX, 2015 WL 993319, at *1 (C.D. Cal. Feb. 27, 2015), aff'd, 671 F. App'x 562 (9th Cir. 2016); *see* Request for Judicial Notice ("RJN"), filed concurrently, at Ex. A for a copy of the Central District Court's decision in the Robinson Federal Action.   The Robinsons had, despite knowledge of MERS' claim against their title as designated beneficiary and nominee on the Robinson Deed of Trust, intentionally omitted MERS from their quiet title action and named only the original lender. *Id.* The Superior Court granted default judgment for the Robinsons and entered an order that purportedly voided the Robinson Deed of Trust. *Id.*

On September 26, 2013, MERS filed the Robinson Federal Action in this Court to, *inter alia*, set aside the quiet title judgment in the Robinson State Action as void because the Robinsons violated the notice requirements of California Civil Code Section 762.10. *Id.* at *2. After both parties filed Motions for Summary Judgment, the court ruled in favor of MERS, holding that MERS had an adverse claim, and, therefore, the Robinsons were required to name MERS as a defendant in their quiet title action. *Id. at *9.*

This Court's holding was based upon the language of the Robinson Deed of Trust, which appoints MERS as 'the beneficiary under this Security Instrument," and grants MERS the right, as nominee for Lender and Lender's successors and assigns, to "exercise any or all . . . interests granted under the Deed of Trust, including, but not limited to, the right to foreclose and sell the Property." *Id. at *1* (internal quotations omitted) (quoting the Robinson deed of trust). The district court noted that:

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANT'S NOTICE OF MOTION, MOTION TO DISMISS PLAINTIFFS' COMPLAINT; AND
MEMORANDUM OF POINTS AND AUTHORITIES

> "Courts applying California law have regularly held that…deeds of trusts materially identical to the one at issue here authorize MERS to foreclose and sell the subject property. . . *see, e.g.*, *Gomes v. Countrywide Home Loans, Inc*., 192 Cal. App. 4th 1149, 1157–58, 121 Cal. Rptr. 3d 819 (2011); *Pantoja v. Countrywide Home Loans, Inc*., 640 F. Supp. 2d 1177, 1189 -90 (N.D. Cal. 2009) (collecting cases and noting that 'courts have been clear' that MERS is authorized by these deeds of trust to conduct foreclosure)."

*Id.* at *5.

The Ninth Circuit affirmed the District Court's ruling regarding the Robinson's Deed of Trust holding that "[t]he deed of trust on the property, which was signed by the Robinsons and properly recorded with the Los Angeles County Recorder's Office, designates MERS as the nominee of the lender and the lender's successors and as the beneficiary under deed of trust." *Mortg. Elec. Registration Sys., Inc. v. Robinson,* 671 F. App'x 562, 563 (9th Cir. 2016)*, cert. denied sub nom. Robinson v. Mortg. Elecs. Registration Sys., Inc.*, 137 S. Ct. 2164, 198 L. Ed. 2d 233 (2017). *See* RJN at Ex. A. By executing the deed of trust the Robinsons agreed that MERS had the authority to hold and assign the Robinson Deed of Trust. *Id.*

## 2. Cabrera's Prior Quiet Title Action and Judgment

Cabrera filed an identical lawsuit to the Robinson State Action on or about March 3, 2014, *Cabrera v. GSR Mortgage Loan Trust 2005-AR2*, No. KC066701 (Los Angeles Sup. Ct.) (the "Cabrera Action"), in an attempt to expunge  the Cabrera Deed of Trust.[3] Following the Robinsons' scheme, Cabrera omitted MERS and only named his original lender.  The Superior Court granted default judgment for Cabrera and entered an order that purportedly voided the Cabrera Deed of Trust.  MERS successfully intervened in the suit and filed a cross-complaint against Cabrera, arguing that MERS' due process rights were violated by Cabrera's failure to provide notice of the action to MERS as the

---

[3] Cabrera was represented by the same counsel as the Robinsons and Plaintiffs are represented by that same counsel in the instant action.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1   record beneficiary of the Deed of Trust.  On January 8, 2018, the Superior Court issued

2   a tentative ruling granting summary judgment to MERS on its complaint to void the

3   prior judgment holding:  "CCP § 762.010 plainly requires the plaintiff in a quiet title

4   action to join as defendants all persons of record 'having adverse claims to the title of

5   the plaintiff.'  MERS claimed an interest as lienholder, beneficiary and nominee … such

6   interest is sufficient to establish a 'claim' against Plaintiff's title."  The tentative order

7   was adopted as final on January 26, 2016.  *See* RJN at Ex. C.

8       **3.    Plaintiffs' Prior Action for Declaratory Judgment**

9       Prior to filing the instant action, on or about August 10, 2018, the Robinsons and

10  Cabrera filed a nearly identical complaint in the Superior Court of California, County

11  of Los Angeles, titled *Robinson, Daniel W.; Robinson, Darla.; Cabrera, Miguel A.*

12  *Plaintiff(s) vs. Mortgage Electronic Registration Systems, Inc.; (not MERSCORP*

13  *Holdings, Inc. a separate and distinct unrelated entity); and Does 1-25 Defendant(s)* at

14  Case No. PC058705 (the "Original Action").  *See* RJN at Ex. E.  On September 21,

15  2018, MERS filed its Notice of Removal removing the Original Action to the United

16  States District Court for the Central District of California.  On September 29, 2018,

17  MERS filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) in the Original

18  Action.  Rather than respond, Plaintiffs filed a Notice of Dismissal pursuant to Fed. R.

19  Civ. P. 41(a)(1) on October 9, 2018.  On October 10, 2018, The Honorable Percy

20  Anderson, United States District Judge, dismissed the Original Action without

21  prejudice.

22      Plaintiffs filed the Complaint in this action on October 30, 2018.  The two

23  complaints are *identical* save for the fact that the Instant Complaint includes Paragraphs

24  6 and 7, wherein Plaintiffs attempt to fraudulently join United Pacific Mortgage and

25  Universal American Mortgage Company of California, defunct non-entities, and

26  without alleging wrongdoing or damages against these parties in a transparent and futile

27  attempt to deprive this court of diversity jurisdiction.  *See generally*, Compl.; *see also*

28

*generally*, (Notice of Removal, March 22, 2019, Docket No. 1).

For the same reasons provided in the Original Action and set forth in further detail below, this action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## III.   LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory, or where it presents a cognizable legal theory yet fails to plead essential facts to support that theory. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir. 1984). The purpose of a Rule 12(b)(6) motion to dismiss is "to allow the court to eliminate actions that are fatally flawed in their legal premises and destined to fail, and thus spare litigants the burdens of unnecessary pretrial and trial activity." *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993).

To survive a motion to dismiss, pleadings must contain more than labels and unsupported conclusions, and conclusory allegations are not entitled to be assumed true. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court is not required to "accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1996).

Based upon Plaintiffs' pleading and judicially noticeable facts, MERS moves to dismiss the Complaint, with prejudice, because (1) *res judicata* is fatal to all of Plaintiffs' claims, (2) there is no basis for this Court to enter declaratory relief, and (3) the Complaint fails to state any cognizable cause of action.

## IV.   LEGAL ARGUMENT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## A.    *Res Judicata* **Bars the Entire Complaint**

Plaintiffs' efforts to void their respective Deeds of Trust and challenge the enforceability of the Notes secured by the Deeds of Trust because MERS was named as the original beneficiary of both Deeds of Trust have been fully litigated to final conclusion with MERS.  RJN Exs. B and C.  In this action, Plaintiffs seek to recover against MERS for claims they made or could have made in their prior actions.  *See id*. Because the Robinsons' claims have already been considered and rejected by the Central District and affirmed by the Ninth Circuit, and because Cabrera's claims have already been considered and soundly rejected by the Los Angeles Superior Court, the doctrine of *res judicata* operates for both issue and claim preclusion to bar Plaintiffs' meritless lawsuit against MERS.

Issue preclusion, or collateral estoppel, precludes re-litigating issues argued and decided in prior proceedings.  *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 896 (2002).  *Res judicata*, or claim preclusion, bars re-litigating a valid, final judgment on the merits in a subsequent lawsuit.  *Le Para Community Assn. v. Workers' Comp. Appeals Bd.,* 110 Cal. App. 4th 1161, 1169 (2003).

*Res judicata* operates to bar the maintenance of a later action if (1) the claim decided in the former action is identical to the claim presented in this action; (2) there was a final judgment on the merits; and (3) the plaintiffs were parties (or in privity to a party) to the prior adjudication.  *Staniforth v. Judges' Retirement System,* 226 Cal. App. 4th 978, 988 (2014) (citing *Lynons v. Security Pacific Nat. Bank*, 40 Cal App. 4th 1001, 1015 (1995)).  As explained further below, all of these elements are met in this action.

Under California's version of *res judicata,* a claim is defined by the "primary right" it seeks to enforce.  *Crowley v. Katleman*, 8 Cal. 4th 666, 681(1994)).

"[T]he primary right is simply the plaintiff's right to be free from the particular injury suffered.  It must therefore be distinguished from the legal theory on which liability for the injury is premised; [e]ven where there are multiple legal theories upon which recovery might be predicated, one

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

injury gives rise to only one claim for relief.  The primary right must also be distinguished from the remedy sought:  [t]he violation of one primary right constitutes a single cause of action, though it may entitle the injured party to many forms of relief, and the relief is not to be confounded with the cause of action, one not being determinative of the other."

*Id.* (internal citations and quotations omitted).

Here, the basis of each cause of action herein was previously raised in their prior actions.  Specifically, the Robinson Federal Action, considering the Robinson State Action, decided whether MERS was a nominee and beneficiary of the Robinson Deed of Trust and resoundingly decided in MERS' favor.

For example, the Central District held:

> "First, MERS is clearly named a nominee in the Deed of Trust…In the context of a nominee on a deed of trust, this implies that the nominee is granted authority as an agent to act on behalf of the Lender as to administration of the deed of trust.  Second, in analyzing deeds of trust materially similar to the one at issue in this litigation, both this Court and California courts have held that MERS status as beneficiary "was not a matter of fact existing apart from the document itself." *See Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal.App.4th 256, 266, (1st. Dist.2011) (considering a deed of trust identical in all material respects to the one at issue here and concluding that "MERS was the beneficiary under the deed of trust because, as a legally operative document, the deed of trust designated MERS as the beneficiary. Given this designation, MERS's status was not reasonably subject to dispute.")."

*Mortg. Elec. Registration Sys., Inc. v. Robinson*, No. CV 13-7142 PSG ASX, 2015 WL 993319, at *6 (C.D. Cal. Feb. 27, 2015), aff'd, 671 F. App'x 562 (9th Cir. 2016).

Furthermore, the Cabrera Action sought to expunge the Cabrera Deed of Trust by, identical to the Robinsons State Action's scheme, omitting MERS and only naming their original lender.  MERS successfully intervened in the suit and filed a cross-

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

DEFENDANT'S NOTICE OF MOTION, MOTION TO DISMISS PLAINTIFFS' COMPLAINT; AND
MEMORANDUM OF POINTS AND AUTHORITIES

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

complaint against Cabrera, arguing that MERS' due process rights were violated by Plaintiff's failure to provide notice of the prior quiet title action to MERS as the record beneficiary of the Cabrera Deed of Trust.

Plaintiffs have simply refiled their previous Complaints, and styling "new" causes of action which arise from the very same "primary right" as all the others; namely the MERS' status and rights under the Deeds of Trust. This action is duplicative of the claims previously litigated in the prior Actions. Plaintiffs' Instant Complaint asserts two causes of action for declaratory relief, both of which are claims repeated from their previously adjudicated actions in an attempt to rehash the same "primary right" that the Central District, Ninth Circuit and the Los Angeles Superior Court have already previously adjudicated and dismissed with final decisions on the merits. *See generally* RJN, Exs. A, B, and C.

The dismissals with prejudice by the District Court, Ninth Circuit and Los Angeles Superior Court are final determinations on the merits. *See Stites v. Ross*, 862 F.2d 875 (9th Cir. 1988) (holding "Unpublished decisions in California have no precedential value; however, may be used to apply the doctrines of *res judicata*, collateral estoppel, and law of the case."). *See Franklin v. U.S. Dep't of Labor*, No. C 00-3190 SI, 2001 WL 793284, at *3 (N.D. Cal. July 9, 2001) (holding the ruling was affirmed on appeal by the Ninth Circuit and constitutes a final judgment for *res judicata* purposes.). Further, MERS is a party to this case as well as the 2013 case with the Robinsons, and the 2014 action with Cabrera. Accordingly, this matter should be dismissed under the doctrine of claim preclusion. Since Plaintiffs' current complaint, just as set forth in their prior Complaints, seeks the same "primary right" - to prevent MERS from holding or assigning their Deeds of Trust, thus making the Deeds of Trust unenforceable, their entire Instant Complaint is barred by *res judicata* and should be dismissed. The underlying allegations were raised and these declaratory relief causes of action could have and should have been raised in their prior 2012, and 2014 actions.

DEFENDANT'S NOTICE OF MOTION, MOTION TO DISMISS PLAINTIFFS' COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES

1   Plaintiffs – dissatisfied with the outcome of their prior lawsuits –attempt to re-

2   litigate the same claims against the same party that have already been decided against

3   them.  This is the exact kind of meritless, dilatory, and wasteful action that *res judicata*

4   seeks to prevent.  Accordingly, Plaintiffs' entire complaint is barred by the doctrine of

5   *res judicata* and should, therefore, be dismissed with prejudice.

6   **B.   Plaintiffs' Claims Fail to Support Declaratory Relief**

7   Plaintiffs are not entitled to declaratory relief.  Code of Civil Procedure § 1060

8   permits actions for declaratory relief only where there exists an "actual controversy

9   relating to the legal rights and duties of the respective parties."  Code Civ. Proc., § 1060.

10  A claim for declaratory relief fails because it is not a cause of action in and of itself.

11  *Kimball v. Flagstar Bank F.S.B.*, 881 F. Supp. 2d 1209, 1219-21 (S.D. Cal. 2012).

12  (holding a substantive cause of action is necessary for a court to grant declaratory relief

13  because declaratory relief is not an independent cause of action).  *See also Lane v. Vitek*

14  *Real Estate Industries Group*, 713 F. Supp. 2d. 1092, 1104 (E.D. Ca. 2010) (holding

15  because declaratory relief is not a cause of action in and of itself, the court must dismiss

16  Plaintiff's cause of action for declaratory relief against MERS).  Declaratory relief is

17  only available when there is "a substantial controversy, between parties having adverse

18  legal interests, of sufficient immediacy and reality to warrant the issuance of a

19  declaratory judgment."  *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 671 (9th Cir.

20  2005).  Courts have found "substantial controversy" to mean that the "plaintiff has a

21  real and reasonable apprehension that he will be subject [to suit]."  *E & J Gallo Winery*

22  *v. Proximo Spirits, Inc.*, 583 Fed. Appx. 632, 634 (9th Cir. 2014).  Courts emphasize

23  that the "fundamental basis of declaratory relief is the existence of an actual, present

24  controversy over a proper subject."  *City of Cotati v. Cashman*, 29 Cal. 4th 69, 79

25  (2002).

26  Here, Plaintiffs fail to plead a single fact showing an actual controversy.  *See*

27  *generally* Compl.  Plaintiffs seek judicial determination in the form of requests that the

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Court enter Declaratory Judgment as to whether MERS is a beneficiary or nominee under the subject Deeds of Trust. Compl., ¶¶ 12-14, 25-34. As discussed above, these issues have been decided previously. Moreover, the Robinsons' Deed of Trust was released of record on or about August 2, 2018, in the Los Angeles County Recorder's office as Instrument number 15612362. RJN Ex. D. Thus, the Robinsons' Deed of Trust has been reconveyed and no longer is an encumbrance on the Robinson Property. Consequently, this Court cannot make any judicial determination on a nullified document. Further, when an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed. *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997), as amended (Sept. 16, 1997).

Moreover, although unclear, Plaintiffs seem to take issue with the plain language of the Deeds of Trusts. Plaintiffs' vague conclusions and theories fail to meet the *Twombly* standard, of alerting MERS what the factual allegations are and what legal authority supports thier claims. *Twombly*, 550 U.S. at 545. For example, Plaintiffs merely conclude that the Deeds of Trust are "false and untrue" and MERS relied on "fabricated, meritless and self-serving position that they possess "Bare legal title'" and therefore seek a declaratory judgment of relief judicially declaring that MERS is not a beneficiary or nominee under the Deeds of Trust. Compl. ¶¶ 8, 17, 28, 34. It is unclear why Plaintiffs seek this relief. Plaintiffs do not allege that their loans are in default (indeed, the Robinsons have fully performed their obligations), and there are no allegations that a foreclosure is pending - moreover, because of the reconveyance, the Robinson Deed of Trust cannot be foreclosed because it no longer encumbers the Robinson Property. *See generally* Compl. Therefore, it is unclear what substantial controversy could possibly exist that could entitle Plaintiffs the Declaratory Relief they seek here. Thus, the relief Plaintiffs seek relative to MERS' status as a beneficiary or nominee is not ripe for review. *See Principal Life Ins. Co.* at 671 (there must be a substantial controversy for the court to consider a declaratory judgment). Because

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANT'S NOTICE OF MOTION, MOTION TO DISMISS PLAINTIFFS' COMPLAINT; AND
MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs do not allege a controversy, Plaintiffs' declaratory relief claim fails as a matter of law, and should be dismissed with prejudice for this reason alone.

Moreover, to the extent that Cabrera brought this lawsuit to challenge MERS' standing or ability to hold or assign the Cabrera Deed of Trust, California's non-judicial foreclosure scheme simply does not "provide for a judicial action to determine whether the person initiating the foreclosure is indeed authorized" to do so. *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1155 (2011).

In *Gomes*, a borrower sought declaratory relief from the court as to whether the nominee beneficiary under his deed of trust, was entitled to foreclose. *Id.* at 822. The court held that California's exhaustive nonjudicial foreclosure scheme, Civil Code Sections 2924-2924i, does not "provide for a judicial action to determine whether the person initiating the foreclosure is indeed authorized" to do so. *Id.* at 824. It also held that the borrower expressly gave the defendants the authority to foreclose in the deed of trust, and thus was prohibited from challenging foreclosure on that basis as well. *Id.* at 827. Because Plaintiffs' request for declaratory relief seems to question MERS' authority to hold and assign the Deeds of Trust, there is no actual controversy and this claim should be dismissed. *See Robinson v. Countrywide Home Loans, Inc.*, 199 Cal. App. 4th 42, 46 (2011) ("We agree with the *Gomes* court that the statutory scheme (§§ 2924–2924k) does not provide for a preemptive suit challenging standing. Consequently, plaintiffs' claims for damages for wrongful initiation of foreclosure and for declaratory relief based on plaintiffs' interpretation of section 2924, subdivision (a), do not state a cause of action as a matter of law.").

Therefore, because Plaintiffs fail to allege an actual controversy relating to the legal rights and duties of the respective parties, Plaintiffs are not entitled to declaratory relief and the instant action should be dismissed as a matter of law and should be dismissed with prejudice.

DEFENDANT'S NOTICE OF MOTION, MOTION TO DISMISS PLAINTIFFS' COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

## C.   California Law Is Clear that MERS Is the Beneficiary and Nominee Under Both Deeds of Trust

The Central District has already rejected the Robinsons' attempt to challenge MERS' beneficiary status because California law "flatly rejects it." *Mortg. Elec. Registration Sys. v. Robinson*, 45 F. Supp. 3d 1207, 1212 (C.D. Cal. 2014). The leading case, cited by that court, is *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 268 (1st Dist. 2011), disapproved of on other grounds in *Yvanova v. New Century Mortgage Corp.*, 365 P.3d 845, 199 Cal. Rptr. 3d 66 (2016).[4] The borrower challenged MERS' authority under the deed of trust. The trial court sustained the demurrers without leave to amend, and the court of appeals affirmed:

> ". . . MERS is designated as the beneficiary in deeds of trust, acting as "nominee" for the lender…
>
> . . . MERS is the beneficiary, acting as a nominee for the lender. There is nothing inconsistent in MERS' being designated both as the beneficiary and as a nominee, i.e., agent, for the lender. The legal implication of the designation is that MERS may exercise the rights and obligations of a beneficiary of the deed of trust."

198 Cal. App. 4th at 266, 267, 269, 273.

The Ninth Circuit has reached the same conclusion. *See e.g., Benson v. Ocwen Loan Servicing, LLC*, 562 F. App'x 567, 570 (9th Cir. 2014) (MERS "had the authority to substitute Western Progressive as the trustee because MERS was the beneficiary on the deed of trust, . . . and was HSBC's nominee"). So have all the other courts in California to address the issue. *See Hollins v. Recontrust, N.A.*, No. CV 11-945 PSG PLAX, 2011 WL 1743291 (C.D. Cal. May 1, 2011) at *3, and cases there cited ("where

---

[4] In *Yvanova*, 365 P.3d 845, the California Supreme Court disapproved of *Fontenot* and similar cases to "the extent they held borrowers lack standing to challenge an assignment of the deed of trust as void" in a wrongful foreclosure action. *Id.* at 859 n.13. This is not a wrongful foreclosure action. *Yvanova* does not undermine the portions of *Fontenot* or other cited cases relevant to this case. *See Saterbak v. JP Morgan Chase Bank, N.A.*, 245 Cal. App. 4th 808, 815(2016)(affirming that *Yvanova* does not overrule established California law upholding MERS' right to hold California deeds of trust and exercise the rights granted to it thereunder).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

MERS acts as a beneficiary under a deed of trust, it has the right to assign its interest"); *E.g., Siliga v. Mortgage Elec. Registration Sys., Inc.*, 219 Cal. App. 4th 75, 83 (2d Dist. 2013), disapproved of on other grounds in *Yvanova*, 365 P.3d 845.

Here, as set forth above, Plaintiffs each signed their Deeds of Trust and agreed that MERS was the original beneficiary, and nominee for the original lender and its successors and assigns, under the Deeds of Trust.  Consequently, Plaintiffs agreed to MERS' designation as beneficiary when they signed their Deeds of Trust and agreed to all rights granted to MERS thereunder.  *See* Compl. Exh. A, C, ¶¶ 23, 25.  Plaintiffs' claims fail because it is well settled that MERS was the beneficiary of the Robinson Deed of Trust and is  the beneficiary under the Cabrera Deed of Trust and has authority to hold or assign its interest under California law.  *See Gomes v. Countrywide Home Loans, Inc.*, 121 Cal. Rptr. 3d 819, 826 (2011), pet. for review denied, No. S191816, 2011 Cal. LEXIS 5306 (May 18, 2011), cert. denied, 565 U.S. 959 (2011); *see also Calvo v. HSBC Bank USA, N.A.*, 130 Cal. Rptr. 3d 815, 821 (Cal. Ct. App. 2011), pet. for review denied, No. S197440, 2012 Cal. LEXIS 42 (Jan. 4, 2012); *id.* ("MERS was both the nominal beneficiary and agent (nominee)..."; *Siliga v. Mortgage Elec. Registration Sys, Inc.*, 219, Cal. App. 4th 75,161 (Cal. Ct. App. 2013) (holding that a trustor that agreed that MERS has the authority to exercise all of the rights of the lender is precluded from asserting a cause of action based on allegation that MERS has no authority to exercise those rights).  Courts have long agreed that MERS is a valid beneficiary.  *See Lane v. Vitek Real Estate Industries Group*, 713 F. Supp. 2d 1092 (E.D. Cal. 2010) ("MERS … may assign its beneficial interest to another party."); *Gomes* at 826 (MERS has the authority to foreclose on deed of trust). *Zadrozny v. Bank of New York Mellon*, 720 F.3d 1163, 1169 (9th Cir. 2013) (MERS may serve as a beneficiary).

MERS' status and rights under a California deed of trust are a matter of state substantive law, and this Court must enforce the California courts' recognition of those

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1  rights.  *Erie R. Co. v. Tompkins*, 304 U.S. 64, 71-79 (1938).  Plaintiffs cannot dispute

2  MERS' status as a beneficiary and nominee.  *Gomes*, 192 Cal. App. 4th 1157 at n.9

3  (holding the deed of trust permits MERS to act as a nominee (i.e. agent) of the

4  noteholder.) (citing Cal. Civ. Code § 2924).

5       Plaintiffs seek a judicial determination contrary to well-settled California law.

6  Accordingly, Plaintiffs' declaratory relief claims fail as a matter of law, and should be

7  dismissed with prejudice.

8  **D.    This Court Should Dismiss This Case Based on the Deeds of Trust Alone**

9       The plain language of the Deeds of Trust alone provides the basis for judgment

10  in favor of MERS.  MERS' claim is evident from the face of that these documents,

11  which were recorded in the Los Angeles County land records.  *See* Compl., Exs. A, and

12  C, ¶¶ 3, 4, 20, 23.  In *Fontenot*, the court of appeals approved the trial court's judicial

13  notice of MERS' role as beneficiary because MERS' "status was not a matter of fact

14  existing apart from the document itself." *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal.

15  App. 4th 256, 268 (1st Dist. 2011), disapproved of on other grounds in *Yvanova v. New*

16  *Century Mortgage Corp.*, 365 P.3d 845, at 266 (2016). MERS was the beneficiary under

17  the deed of trust because, as a legally operative document, the deed of trust designated

18  MERS as the beneficiary.  Given this designation, MERS' status was not reasonably

19  subject to dispute. *Id.*

20       Moreover, as the borrowers who signed the Deeds of Trust, Plaintiffs cannot

21  dispute the authority granted in that document.  *See* Compl., Exs. A and C, ¶¶ 3-4, 20,

22  23.  California courts routinely and soundly reject such challenges.  In *Cervantes*,

23  borrowers brought various challenges to MERS' deeds of trust.  They alleged that

24  MERS was not a proper beneficiary because it had no financial interest in the loan.

25  *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1042 (9th Cir. 2011).

26  Affirming dismissal, the Ninth Circuit held that the deeds of trust constituted plaintiffs'

27  agreement that MERS was the beneficiary, and the nominee for the lender and lenders'

28

successors and assigns, and that MERS was authorized to exercise all rights granted under the deed of trust. *Id*.

The California courts are in accord. *See e.g., Siliga*, 219 Cal. App. 4th at 83 (party who "agreed under the terms of the deed of trust that MERS, as the lender's nominee, has the authority to exercise all of the rights and interests of the lender, including the right to foreclose, is precluded from maintaining a cause of action based on the allegation that MERS has no authority to exercise those rights."); *Gomes*, 192 Cal. App. 4th at 1157.

Plaintiffs seek declaratory relief contrary to the plain language of their Deeds of Trust and accordingly their claims for declaratory relief should be dismissed with prejudice.

## V.   CONCLUSION

Plaintiffs have misused the judicial system to attempt to get a free house and avoid paying their mortgage loans. California law, of course, recognizes no such windfall. Plaintiff have repeatedly brought meritless allegations against MERS despite other courts already finding that Plaintiffs' legal theory fails. MERS has been forced to expend considerable time and monies litigating and protecting its interest against baseless allegations. This cannot continue. For the foregoing reasons, MERS respectfully requests that this Court grant its motion to dismiss *with prejudice*.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  DATED:  March 29, 2019                        REED SMITH LLP

2

3                                                By: */s/Le T. Duong*
                                                 Abraham Colman (SBN 146933)
4                                                Raffi Kassabian (SBN 260358)
                                                 Le T. Duong (SBN 297662)
5                                                *Attorneys for Defendant Mortgage*
6                                                *Electronic Registration Systems, Inc.*

7

8

9                          **CERTIFICATE OF SERVICE**

10       I certify that on March 29, 2019, I filed the foregoing document electronically
     through the CM/ECF system, and served the following counsel of record via e-mail:

11

12                              Attorney for Plaintiffs
                                  Al West Esq.
                           700 N Pacific Coast Hwy #201
13                          Redondo Beach, Calif. 90277
                           WestandAssociates1@gmail.com
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware