# EXHIBIT 1

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.;
ADDITIONAL PARTIES ATTACHMENT FORM IS ATTACHED

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ROBINSON, DANIEL W.; ROBINSON, DARLA J.; CABRERA,
MIGUEL A.

FILED
Superior Court of California
County of Los Angeles

OCT 30 2018

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Steve Orozco

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| | |
|---|---|
| The name and address of the court is: | CASE NUMBER: *(Número del Caso):* **18CHCV00052** |
| *(El nombre y dirección de la corte es):* SUPERIOR COURT OF CALIFORNIA | |

COUNTY OF LOS ANGELES - NORTH VALLEY DISTRICT
Chatsworth Courthouse: 9425 Pendfiled Ave., Chatsworth, CA 91311

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Law Offices: West & Assoc's: 700 N Pacific Coast Hwy #201, Redondo Beach, Ca 90277 | 310.374.4141

| | | | |
|---|---|---|---|
| DATE: **OCT 30 2018** | Sherri R. Carter | Clerk, by | , Deputy |
| *(Fecha)* | | *(Secretario)* | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

STEVEN OROZCO

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* Mortgage Electronic Registration Systems Inc

under: [X] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)      [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership)      [ ] CCP 416.90 (authorized person)

       [ ] other *(specify):*
4. [X] by personal delivery on *(date):* 2/20/19

---

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit 1 - Page 1

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Robinson, et al. vs. Mortgage Electronic Registration Systems, Inc | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

ADDITIONAL PARTIES ATTACHMENT TO SUMMONS :

(not MERSCORP HOLDINGS, INC. a separate and distinct unrelated entity);
UNITED PACIFIC MORTGAGE, a California General Partnership;
UNIVERSAL AMERICAN MORTGAGE COMPANY OF CALIFORNIA,
a California Corporation; and Does 1-25



RECEIVED
FEB 2 0 2019
JR

Page   1   of   1

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

Exhibit 1 - Page 2

1   **Law offices: "WEST & ASSOCIATES"**

2       AL WEST EsqSbn 134456
        700 N Pacific Coast Hwy  #201
3       Redondo Beach, Calif.  90277
        310.374.4141 * 310.372.4137
        WestandAssociates1@GMail.Com

4   Attorney for Plaintiff(s):
    (Robinson, Daniel W.; Robinson, Darla J.;
5   Cabrera, Miguel A.)

*FILED*
Superior Court of California
County of Los Angeles

OCT 30 2018

Sherri R. Carter, Executive Officer/Clerk
By _____ , Deputy
          Steve Orozco

6

7            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8            **COUNTY OF LOS ANGELES – NORTH VALLEY DISTRICT**

                     **"Chatsworth Courthouse"**

9                                                    **18CHCV00052**

10  ROBINSON, DANIEL W.;              )    **CASE #** _____
    ROBINSON, DARLA J.; CABRERA,      )
11  MIGUEL A.                         )            **COMPLAINT**
                                      )               *for*
12                                    )   **DECLARATORY JUDGMENT/RELIEF**
                      Plaintiff(s),   )   **1) A Judicial determination and**
13                                    )       **declaration that Mortgage Electronic**
                                      )       **Registration Systems, Inc. ("MERS")**
14  vs                                )       **is not a true or actual "Beneficiary"**
                                      )       **under a Deed of Trust, and therefore**
15                                    )       **does not hold any rights, title or**
    MORTGAGE ELECTRONIC               )       **interest to the property subject to**
16  REGISTRATION SYSTEMS, INC.; (not  )       **the Deed of Trust;**
    MERSCORP HOLDINGS, INC. a separate)   **2) A Judicial determination and**
17  and distinct unrelated entity); UNITED )     **declaration that Mortgage Electronic**
    PACIFIC MORTGAGE, a California     )       **Registration Systems, Inc. ("MERS")**
18  General Partnership; UNIVERSAL     )       **is not a true or actual "Nominee" or**
    AMERICAN MORTGAGE COMPANY          )       **"Agent" under a Deed of Trust, and**
19  OF CALIFORNIA, a California        )       **therefore does not hold any rights,**
    Corporation;                      )       **title or interest to the property**
20                                    )       **subject to the Deed of Trust**
                      and Does 1-25   )
21                                    )
                                      )
22                    Defendant(s).   )

23

24

25                  **NATURE OF JUDICIAL RELIEF SOUGHT**

26       Plaintiffs Daniel W. Robinson; Darla J. Robinson (hereinafter referred to as

27  "Robinsons"); Miguel A. Cabrera (hereinafter referred to as "Cabrera") by way of

28  instant action exclusively seek a decision and ruling of two very specific Judicial

                                    - 1 -
                **COMPLAINT FOR DECLARATORY JUDGMENT/RELIEF**

Exhibit 1 - Page 3

"Declaratory Judgments" and or "Relief" and noting more at this time, but do reserve any and all further relief which may be afforded to them as a result of instant action, or any other frivolous actions which may exist under the laws of the State of California and the United States.

The specific relief sought are as follows:

**_1ST REQUEST FOR DECLARATORY JUDGMENT/RELIEF:_**

*A Judicial determination and declaration that Mortgage Electronic Registration Systems, Inc. (hereinafter referred to as "MERS") and not "MERSCORP HOLDINGS, INC.", a separate and distinct unrelated entity, is not a true or actual "Beneficiary" under the "Robinsons" or "Cabrera" Deed of Trust (or any other similar Deed of Trust) even though it is misrepresented and improperly stated, and therefore "MERS" does not hold any rights, title or interest to the relative property subject to the Deed of Trust';*

**_2ND REQUEST FOR DECLARATORY JUDGMENT/ RELIEF:_**

*A Judicial determination and declaration that Mortgage Electronic Registration Systems, Inc. (hereinafter referred to as "MERS") and not MERSCORP HOLDINGS, INC., a separate and distinct unrelated entity, is not a true or actual "Nominee or "Agent" under the "Robinsons" or "Cabrera" Deed of Trust (or any other similar Deed of Trust) even though it is misrepresented and improperly stated, and therefore "MERS" does not hold any rights, title or interest to the relative property subject to the Deed of Trust';*

### NOTICE OF RELATED ACTIONS

1) As to the "Robinsons"

The "Robinsons" had a previous "Quiet Title" action which came to its conclusion case number: LASCC #PC052281

2) As to "Cabrera"

"Cabrera" had two previous actions, one sounding in "Quiet Title" and the second based upon the "Cancellation and Expungement" of certain title instruments both of which came to their conclusion case number: the first LASCC #KC062236; the second LASCC #KC066701 respectively.

///

///

## PARTIES

3)      Plaintiffs the "Robinsons" herein allege, that at all times relevant hereto that they resided in the County of Los Angeles and State of California whose subject property is so situated and physically located and whose Deed of Trust is recorded against, both of which is within this Courts State, County, Judicial District and jurisdiction;

4)      Plaintiff "Cabrera" herein alleges, that at all times relevant hereto that he resided in the County of Los Angeles and State of California whose subject property is so situated and physically located and whose Deed of Trust is recorded against, both of which is within this Courts State, County, Judicial District and jurisdiction;

5)      Plaintiffs herein allege, that at all times relevant hereto Defendant *"Mortgage Electronic Registration Systems, Inc.",* an unknown business entity is doing business in the State of California, in the County of and City where subject property is so situated and physically located and whose Deeds of Trusts are recorded against, both of which is within this Courts County and Judicial District;

6)      Plaintiffs herein allege, that at all times relevant hereto Defendant *"United Pacific Mortgage",* a California General Partnership doing business in the State of California, in the County of and City where subject property is so situated and physically located and whose Deeds of Trusts are recorded against, both of which is within this Courts County and Judicial District;

7)      Plaintiffs herein allege, that at all times relevant hereto Defendant *"Universal American Mortgage Company of California",* a California Corporation doing business in the State of California, in the County of and City where subject property is so situated and physically located and whose Deeds of Trusts are recorded against, both of which is within this Courts County and Judicial District;

8)      Plaintiff is unaware of the true names and capacities of any individuals and/or entities sued herein under the fictitious names Does 1 to 25, inclusive or, to

- 3 -
**COMPLAINT FOR DECLARATORY JUDGMENT/RELIEF**

Exhibit 1 - Page 5

8)     Plaintiff is unaware of the true names and capacities of any individuals and/or entities sued herein under the fictitious names Does 1 to 25, inclusive or, to the extent that the names of such individuals or entities may become known to Plaintiff, and as such Plaintiff cannot state with any certainty that such a Cause of Action lies herein as against such individuals or entities, or Plaintiff is unable to allege the elements of such Cause of Action, at this time, and as such said Defendant(s) are herein named in accordance with the provisions of *(Cal Code of Civil Procedure Sec. 474)*.   Plaintiff thereon reserves the right to amend instant Complaint to allege the true names and capacities of such fictitiously named Defendant(s) when the same become known or when it has been ascertained with reasonable certainty that such Cause of Action hereunder can be satisfactorily stated and maintained as against each such fictitiously named individual or entity;

### GENERAL ALLEGATIONS

9)     Possessed and stated within the "Robinsons" and "Cabrera" relevant Deeds of Trusts currently on title and recorded against their respective real properties (similar to the millions of other mortgage Deeds of Trusts of homeowners throughout the United States) are two inappropriate, incorrect, misrepresented and false provisions (required as a matter of adhesion), the first of which states that *"Mortgage Electronic Registration Systems, Inc., (MERS) is the Beneficiary under this security instrument"*. The second is that *"Mortgage Electronic Registration Systems, Inc., (MERS) is a separate corporation that is acting solely as a Nominee for Lender and Lender's successors an assigns"*.

10)     Both of these statements and representations are incorrect, false and untrue. It is these two false representations that **"MERS"** inappropriately relies upon to incorrectly and from a false position operate and believe that they hold some sort of right, title and or interests to the real property these very Deeds of Trust relate, which they legally and absolutely do not. Not only as to the "Robinsons" and

- 4 -
**COMPLAINT FOR DECLARATORY JUDGMENT/RELIEF**

Exhibit 1 - Page 6

"Cabrera" real property but also all of those millions of other mortgage Deeds of Trust.

11) Given this, although presented and discussed further herein **"MERS"** takes the misplaced and misguided position that they hold some sort of "Bare Legal Title" to these properties which grants or empowers them to act or effectuate transactions relative to these properties. A distorted and fabricated position without any legal support or authority.

## A CURRENT AND SIGNIFICANT CONTROVERSY EXIST

12) Currently on title and affecting the relative "Robinsons" and "Cabrera" real property Land Records (as well as all of the millions of similarly situated home owners throughout the U.S.) are these false and incorrect Deeds of Trusts, which significantly effect the vendibility, marketability, value and insurability of each and every on of these parcels of real property;

13) In absence of a Judicial determination and Declaratory Judgment of Relief this dilemma affecting the current and full extent as to the respective rights, title and interests of the "Robinsons" and "Cabrera" real property are in opposite, or stand as opposed to the claim on behalf of **"MERS"** will continue to exist unresolved.

## "MERS" IS NOT A "BENEFICIARY"

14) That which defines what a "Beneficiary" is in the context of a residential financing mortgage arrangement goes back to the earliest of times without change, and is unequivocally : 1) an individual or entity that does the actual lending of the funds or proceeds relative to the subject "Promissory Note"; 2) is this individual or entity clearly enumerated and stated as the "Lender" on the "Promissory Note"; 3) that this individual or entity is entitled to the agreed upon payments as outlined within the "Promissory Note"; and lastly 4) that this individual or entity would be the one who would sustain the loss or harm in the event of a default. **"MERS"** fails to qualify as to each and every one of these qualifying required

1  factors a number of which by their own admission. They neither lend, are stated on

2  the Note, receive payments, nor would sustain harm in the event of a default.

3  ///

4                    **"MERS" IS NOT A "NOMINEE"**

5       15)   A "Nominee" is nothing more than an *agent* of another, or of a

6  principal which only comes into being, and is created by an agency agreement

7  among and between the Principal and the Agent with very specific and stated terms

8  and provision outlining with specificity the authority, powers and granted rights,

9  limited by those rights and power possessed by the Principal.

10      16)   To begin, it is flawed to argue or contend that two parties, one of which

11  is not the alleged agent, can create an agency agreement for and on behalf of a third

12  party.

13      17)   The "Robinsons", "Cabrera" Deeds of Trusts are entered into and

14  executed by the Lender and the "Robinsons", "Cabrera" as the home owner

15  borrowers not **"MERS"**. As such there does not exist any privity of contact involving

16  **"MERS"**. This scenario does not create an agency agreement.

17      18)   Secondly, there does not exists any sort of Agency Agreement between

18  the Lender and **"MERS",** and the contention countlessly put forward by **"MERS"**

19  that their membership agreement satisfied as the agency agreement is flawed, without

20  merit and just outright frivolous.

21                    **"BARE LEGAL TITLE"**

22      19)   When all arguments or contentions on behalf of **"MERS"** that they are

23  a "Beneficiary and or "Nominee" fails and or is debunked, they resort to the

24  fabricated, meritless and self-serving position that they possess "Bare legal title" by

25  virtue of the stated and enumerated clause of adhesion within subject Deeds of

26  Trusts. This position has been brought forward and asserted by **"MERS"** without

27  any legal authority whatsoever, and is the product of a self-serving argument.

28

---

- 6 -
***COMPLAINT FOR DECLARATORY JUDGMENT/RELIEF***

Exhibit 1 - Page 8

1  right to prosecute a claim, but no right to the substantive recovery cannot show that
2  he has a personal stake in the litigation". By analogy where **"MERS"** claims to have
3  been granted "Bare legal tile", if accepted as an argument, the end result would
4  conclude that this grant would not grant any rights, title or interest to the substantive
5  asset which would be the "Robinsons" or "Cabrera" real property.

6      21)    To conclude "Bare legal title" grants absolutely no rights title or
7  interests in any real property.

8              **SPECIFIC ALLEGATIONS AS TO THE ROBINSONS**

9      22)    In 2005 the "Robinsons" purchased a residential home and entered
10 into a mortgage home financing arrangement, which included the execution of a
11 Promissory Note and Deed of Trust, the subject of inquiry and the basis of the
12 "Declaratory Relief" sought within this action. (see Attachment "A")

13     23)    The Promissory Note and Deed of Trust relative to the Robinson
14 Mortgage financing states as the true and correct lender and beneficiary as *"United*
15 *Pacific Mortgage"*,  a California General Partnership.

16     24)    Of further significance during the investigation of this matter Plaintiffs
17 "Robinsons" were able to secure a declaration from the CEO (Daryl Wizelman) of
18 "United Pacific Mortgage" one of the senior Partners of the "Robinsons" Lender
19 who emphatically stated that **"MERS"** was neither a "Beneficiary" or "Nominee
20 Agent" of the lender, nor did this Lender have any association with **"MERS"**. (see
21 Attachment "B")

22     25)    It is this "Robinsons" Deed of Trust attachment "A" which is the
23 subject of inquiry and that of which forms the basis for the relief sought by and
24 through instant "Declaratory Relief" action.

25              **SPECIFIC ALLEGATIONS AS TO CABRERA**

26     26)    In 2004 Cabrera purchased a residential home and entered into a
27 mortgage home financing arrangement, which included the execution of a
28 Promissory Note and Deed of Trust, the subject of inquiry and the basis of

1   the "Declaratory Relief" sought within this action. (see Attachment "C")

2       27)   The Promissory Note and Deed of Trust relative to the Cabrera

3   Mortgage financing states as the true and correct lender and beneficiary as

4   *"Universal American Mortgage Company of California"*, a California

5   Corporation.

6       28)   It is this "Cabrera" Deed of Trust attachment "C" which is the

7   subject of inquiry and that of which forms the basis for the relief sought by

8   and through instant "Declaratory Relief" action.

9

10                      **1ST**
              **FIRST CAUSE OF ACTION**

11                      *for*
              **DECLARATORY RELIEF**

12                *("MERS" is not a "Beneficiary")*

13       29)   Plaintiffs herein incorporates by reference, restates, realleges, and

14   reasserts any and all previously alleged allegations, facts, and paragraphs (1-28);

15       30)   Plaintiffs herein allege, based upon the factual documents attached

16   hereto and on information and belief that **"MERS"** is not a "Beneficiary" merely

17   because it is stated so within a Deed of Trust.

18       31)   To legally qualify as a <u>true</u> and <u>actual</u> "Beneficiary" within a mortgage

19   financing arrangement, it is legally required that one must be the individual or entity

20   who actually does the lending of the funds or proceeds relative to a "Promissory

21   Note", further that this individual or entity is clearly enumerated and stated as the

22   "Lender" on the "Promissory Note", and that this individual or entity is entitled to

23   the agreed upon payments as outlined within the "Promissory Note", and lastly that

24   this individual or entity would be the one who would sustain the loss or harm in the

25   event of a default. **"MERS"** fails to qualify on each and every one of these qualifying

26   required characteristics a number of which by their own admission. They neither

27   lend, are stated on the Note, receive payments, nor sustain harm in the event of a

28   default.

event of a default. **"MERS"** fails to qualify on each and every one of these qualifying required characteristics a number of which by their own admission. They neither lend, are stated on the Note, receive payments, nor sustain harm in the event of a default.

32)   As such it would be within this Court's jurisdiction to render a Declaratory Judgment of Relief, judicially declaring that **"MERS"** is legally not in fact a true and actual "Beneficiary", and further that they do not hold or possess any rights, title or interest to the real property the subject of instant Deeds of Trusts for and on behalf of the "Robinsons" and "Cabrera" (as well as all of the other similarly situated Deeds of Trusts).

## 2nd
### SECOND CAUSE OF ACTION
#### for
### DECLARATORY RELIEF
("MERS" is not a "Nominee")

33)   Plaintiffs herein incorporates by reference, restates, realleges, and reasserts any and all previously alleged allegations, facts, and paragraphs (1-32);

34)   Plaintiffs herein allege, based upon the factual documents attached hereto and on information and belief that **"MERS"** is not a "Nominee" merely because it is stated so within a Deed of Trust.

35)   To qualify as a "Nominee" an individual or entity must be an agent of another, or of a principal which agency only comes into being, and is created by an agency agreement among and between the Principal and the Agent with specific and stated terms and provisions outlining with specificity the authority, powers and granted rights, limited by those rights and power possessed by the Principal.

36)   To begin, it is flawed to argue or contend that two parties, one of which is not the alleged agent, can create an agency agreement for and on behalf of a third party.

37)   The "Robinsons", "Cabrera" (and all similarly situated) Deeds of

- 9 -
**COMPLAINT FOR DECLARATORY JUDGMENT/RELIEF**

Exhibit 1 - Page 11

1   Trusts are entered into and executed by the Lender and relative home owner

2   borrower not **"MERS"**. As such there does not exist any privity of contact involving

3   **"MERS"**.

4   This scenario does not create an agency agreement.

5          38)   Secondly, there does not exists any sort of Agency Agreement between

6   the Lender and **"MERS"**.

7         As such it would be within this Court's jurisdiction to render a

8   Declaratory Judgment of Relief, judicially declaring that **"MERS"** is legally not

9   in fact a "Nominee" or agent , and further that they do not hold or possess

10   any rights, title or interest to the real property the subject of instant Deeds of

11   Trusts for and on behalf of the "Robinsons" and "Cabrera" (as well as all of

12   the other similarly situated Deeds of Trusts.

13   **PRAYER**

14         ***WHEREFORE***, Plaintiffs the "Robinsons" and "Cabrera" prays this Court

15   for relief as follows:

16         A)   For a Decree, Order, Judicial Determination and or Declaratory

17   Judgment that ***"Mortgage Electronic Registration Systems, Inc."*** is not a true or

18   actual "Beneficiary" under the "Robinsons" or "Cabrera" Deed of Trust (or any

19   other similar Deed of Trust) and therefor does not hold any rights, title or interest

20   to the real property subject to the Deed of Trust;

21         B)   For a Decree, Order, Judicial Determination and or Declaratory

22   Judgment that ***"Mortgage Electronic Registration Systems, Inc."*** is not is not a true

23   or actual "Nominee or Agent" under the "Robinsons" or "Cabrera" Deed of Trust

24   (or any other similar Deed of Trust) and therefor does not hold any rights, title or

25   interest to the property subject to the Deed of Trust'.

26         C)   For such additional and further relief as the Court may deem just and

27   reasonable;

28         D)   For Attorney's Fees;

- 10 -
***COMPLAINT FOR DECLARATORY JUDGMENT/RELIEF***

Exhibit 1 - Page 12

1    E)    For such reasonable costs of suit.

2

3    Dated: ___OCT 2 2 2018___                    _____

4                                                        A. West Esq

                                                   Attorney for Plaintiff(s)
5                                            *"Daniel W. Robinson, Darla J. Robinson*
                                                  *& Miguel A. Cabrera"*
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                       *- 11 -*
                       *COMPLAINT FOR DECLARATORY JUDGMENT/RELIEF*

Exhibit 1 - Page 13

*ATTACHMENTS*

Exhibit 1 - Page 14

ATTACHMENT "A"

Exhibit 1 - Page 15

RECORDED AT THE REQUEST OF
CHICAGO TITLE COMPANY

Recording Requested By:
UNITED PACIFIC MORTGAGE

And After Recording Return To:
UNITED PACIFIC MORTGAGE
21600 OXNARD STREET, #1900
WOODLAND HILLS, CALIFORNIA 91367
Loan Number: 1110019608

4/00 22172· H4 [Space Above This Line For Recording Data]

# DEED OF TRUST

MIN 100134911100196083

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated FEBRUARY 7, 2005 , together with all Riders to this document

(B) "Borrower" is DANIEL W.  ROBINSON and DARLA J. ROBINSON, HUSBAND AND WIFE AS JOINT TENANTS

Borrower is the trustor under this Security Instrument

(C) "Lender" is UNITED PACIFIC MORTGAGE

Lender is a GENERAL PARTNERSHIP                                    organized
and existing under the laws of CALIFORNIA
Lender's address is 21600 OXNARD STREET, #1900, WOODLAND HILLS, CALIFORNIA 91367

(D) "Trustee" is CHICAGO TITLE
535 NORTH BRAND BLVD, GLENDALE, CALIFORNIA 91203

(E) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

(F) "Note" means the promissory note signed by Borrower and dated FEBRUARY 7, 2005
The Note states that Borrower owes LenderNINE HUNDRED NINETY-NINE THOUSAND NINE HUNDRED FIFTY AND 00/100                 Dollars (U S $ 999,950.00       ) plus interest.

Borrower Initials  DWR  dj  _____  _____  _____  _____

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS        DocMagic *800-649-1382*
Form 3005 01/01                                          Page 1 of 14                        www docmagic com

Ca3005 mzd 1 tem

Exhibit 1 - Page 16

2/15/05

4

LOT 21 OF TRACT NO. 43424, IN THE CITY OF LOS ANGELES, COUNTY OF
LOS ANGELES, STATE OF CALIFORNIA. AS PER MAP RECORDED IN BOOK
1051, PAGES 29 AND 30 OF MAPS, IN THE OFFICE OF THE COUNTY
RECORDER OF SAID COUNTY.
A.P.N. #: 2729-027-042

which currently has the address of  19127 ROMAR STREET,   (NORTHRIDGE AREA)
                                                    [Street]

        LOS ANGELES                      , California  91324       ("Property Address").
            [City]                                    [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements,
appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be
covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."
Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security
Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors
and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose
and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling
this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right
to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record.
Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any
encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with
limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:
1.   Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges. Borrower shall
pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late
charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due
under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other
instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid,
Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in
one or more of the following forms, as selected by Lender. (a) cash; (b) money order; (c) certified check, bank check,
treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured
by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other
location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return
any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender
may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights
hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not

Borrower Initials  _DWR_  _dp_  ____  ____  ____  ____

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS        DocMagic *eForms*  800-649-1362
Form 3005 01/01                                Page 3 of 14                                      www.docmagic.com

Ca3005.mzd 3 cm

05 0342544

Exhibit 1 - Page 17

ATTACHMENT "B"

Exhibit 1 - Page 18

# DECLARATION OF DARYL WIZELMAN

I, Daryl Wizelman, have personal knowledge with respect to the matters set forth herein, and am prepared to testify to the same if called upon:

1. I was one of the decision makers and former owners of United Pacific Mortgage, A General Partnership (UMP). It was actually a partnership made up of two corporations, one being a corporation wholly owned by Randy Levine, his 100% corporation was United Pacific Mortgage Co., Inc and another corporation owned 100% by me. We operated a mortgage-banking firm from 1990 through 2007.

2. United Pacific Mortgage (UPM) was required by warehouse lenders and/or our investors to report to MERS. MERS was never our beneficiary or our agent. It was never an investor, lender or acquirer of any interest in any mortgage, security, deed of trust, or property except as necessary to serve as a reporting mechanism. We were doing no more than reporting to MERS the information we collected from our borrowers to satisfy our warehouse lenders and/or investors. Anything to the contrary was without authorization.

3. UMP was sold to Countrywide in 2007 and went under shortly thereafter. Its assets have been completely liquidated and distributed to creditors pursuant to an assignment for the benefit of creditors under California State Law. It no longer exists or possesses any assets. It retained no interest in any, mortgage, deed of trust, note or loan.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated this 22nd day of December, 2014, in Los Angeles County, California.

Daryl Wizelman

Exhibit 1 - Page 19

ATTACHMENT "C"

Exhibit 1 - Page 20

10/29/04

3

Recording Requested By:
**Veronica Espinoza**

Return To:
**Universal American Mortgage Company, LLC
Secondary Marketing Ops
700 NW 107th Avenue 3rd Floor
Miami, FL   33172-3139**

Prepared By:
Veronica Espinoza
**Universal American Mortgage Company of
California
391 N. Main Street
Corona, CALIFORNIA   92880**

—————————————[Space Above This Line For Recording Data]—————————————

Loan # 0005683982            # DEED OF TRUST            A9926

MIN **100059600056839827**

**DEFINITIONS**
Words used in multiple sections of this document are defined below and other words are defined in
Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are
also provided in Section 16.

(A) **"Security Instrument"** means this document, which is dated   October 19, 2004      ,
together with all Riders to this document.
(B) **"Borrower"** is **MIGUEL A. CABRERA, A SINGLE MAN**

Borrower's address is **9352 DANBY AVE, SANTA FE SPRINGS, CALIFORNIA 90670**
. Borrower is the trustor under this Security Instrument.
(C) **"Lender"** is **Universal American Mortgage Company of California**

Lender is a **California Corporation**
organized and existing under the laws of **California**

CALIFORNIA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS          Form 3005  1/01

(mp) -6A(CA) (0207)
Page 1 of 15          Initials:
      VMP MORTGAGE FORMS - (800)521-7291

04 2801028

Exhibit 1 - Page 21

Loan # 0005683982                          10/29/04  A9926

*4*

Lender's address is **391 N. Main Street, Suite 200, Corona, CA  92800**

(D) **"Trustee"** is **Universal American Mortgage Company, LLC**

(E) **"MERS"** is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

(F) **"Note"** means the promissory note signed by Borrower and dated October 19, 2004 .
The Note states that Borrower owes Lender **Three Hundred Ninety Thousand Seven Hundred and 00/100**                                                                  Dollars
(U.S. $ **390,700.00** ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than **November 01, 2034** .

(G) **"Property"** means the property that is described below under the heading "Transfer of Rights in the Property."

(H) **"Loan"** means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(I) **"Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| [X] Adjustable Rate Rider | [ ] Condominium Rider | [ ] Second Home Rider |
| [ ] Balloon Rider | [X] Planned Unit Development Rider | [ ] 1-4 Family Rider |
| [ ] VA Rider | [ ] Biweekly Payment Rider | [ ] Other(s) [specify] |

(J) **"Applicable Law"** means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(K) **"Community Association Dues, Fees, and Assessments"** means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(L) **"Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(M) **"Escrow Items"** means those items that are described in Section 3.

(N) **"Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(O) **"Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(P) **"Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

Initials:

-6A(CA) (0207)                          Page 2 of 15                          Form 3005  1/01

04 2801028

Exhibit 1 - Page 22

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

| | |
|---|---|
| COURTHOUSE ADDRESS:<br>Chatsworth Courthouse<br>9425 Penfield Avenue, Chatsworth, CA 91311<br><br>**NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | Reserved for Clerk's File Stamp<br><br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br>**10/30/2018**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Steven Orozco _____ Deputy |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>18CHCV00052 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Melvin D. Sandvig | F47 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 10/30/2018
(Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By Steven Orozco , Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

Exhibit 1 - Page 23

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

| | |
|---|---|
| COURTHOUSE ADDRESS:<br>Chatsworth Courthouse<br>9425 Penfield Avenue, Chatsworth, CA 91311 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>10/30/2018<br><br>Sherri R. Carter, Executive Officer / Clerk of Court<br><br>By: ___Steven Orozco___ Deputy |
| PLAINTIFF:<br>Daniel W Robinson  et al | |
| DEFENDANT:<br>Mortgage Electronic Registration Systems, Inc. et al | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>18CHCV00052 |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| | | |
|---|---|---|
| Date:<br>04/02/2019 | Time:<br>8:30 AM | Dept.:<br>F47 |

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated:  ___10/30/18___

_____
Judicial Officer

---

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☐ by depositing in the United States mail at the courthouse in _Chatsworth_____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☑ by personally giving the party notice upon filing of the complaint.

Allen D West
700 N Pacific Coast Hwy #201
Redondo Beach, CA 90277

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: ___10/30/2018_____

By _Steven Orozco_____
Deputy Clerk

| | | |
|---|---|---|
| LACIV 132 (Rev. 07/13)<br>LASC Approved 10-03<br>For Optional Use | **NOTICE OF<br>CASE MANAGEMENT CONFERENCE** | Cal. Rules of Court, rules 3.720-3.730<br>LASC Local Rules, Chapter Three<br>Exhibit 1 - Page 24 |

CM-015

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>LAW OFFICES: " WEST & ASSOCIATES"<br>700 N PACIFIC COAST HWY #201<br>REDONDO BEACH, CA 90277<br><br>TELEPHONE NO.: 310.374.4141   FAX NO. *(Optional)*: 310.372.4137<br>E-MAIL ADDRESS *(Optional)*: westandassociates1@gmail.com<br>ATTORNEY FOR *(Name)*: Plaintiff's (Robinson, Daniel W., et al.) | FOR COURT USE ONLY<br><br>CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>OCT 30 2018<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By Steven Orozco, Deputy |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>STREET ADDRESS: 9425 PENDFIELD AVE<br>MAILING ADDRESS: SAME<br>CITY AND ZIP CODE: CHATSWORTH, CA 91311<br>BRANCH NAME: NORTH VALLEY DISTRICT | |
| PLAINTIFF/PETITIONER: Robinson, Daniel W.; Robinson, Darla J. et al. | CASE NUMBER:<br>**18CHCV00052** |
| DEFENDANT/RESPONDENT: Mortgage Electronic Registration Systems, Inc. | JUDICIAL OFFICER: |
| **NOTICE OF RELATED CASE** | DEPT.: |

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1.  a. Title: Robinson v. United Pacific Mortgage
    b. Case number: PC052281
    c. Court: [✓] same as above
       [ ] other state or federal court *(name and address)*:
    d. Department:
    e. Case type: [ ] limited civil [✓] unlimited civil [ ] probate [ ] family law [ ] other *(specify)*:
    f. Filing date: January 11, 2012
    g. Has this case been designated or determined as "complex?" [ ] Yes [✓] No
    h. Relationship of this case to the case referenced above *(check all that apply)*:
       [ ] involves the same parties and is based on the same or similar claims.
       [✓] arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
       [✓] involves claims against, title to, possession of, or damages to the same property.
       [ ] is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
          [ ] Additional explanation is attached in attachment 1h
    i. Status of case:
       [ ] pending
       [ ] dismissed [ ] with [ ] without prejudice
       [✓] disposed of by judgment

2.  a. Title:
    b. Case number:
    c. Court: [ ] same as above
       [ ] other state or federal court *(name and address)*:
    d. Department:

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>CM-015 [Rev. July 1, 2007] | **NOTICE OF RELATED CASE** | Cal. Rules of Court, rule 3.300<br>www.courtinfo.ca.gov |

Exhibit 1 - Page 25

CM-015

| PLAINTIFF/PETITIONER: Robinson, Daniel W.; Robinson, Darla J. et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Mortgage Electronic Registration Systems, Inc. | |

2. *(continued)*

e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

f. Filing date:

g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

h. Relationship of this case to the case referenced above *(check all that apply):*

☐ involves the same parties and is based on the same or similar claims.

☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

☐ involves claims against, title to, possession of, or damages to the same property.

☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

☐ Additional explanation is attached in attachment 2h

i. Status of case:

☐ pending

☐ dismissed ☐ with ☐ without prejudice

☐ disposed of by judgment

3. a. Title:

b. Case number:

c. Court: ☐ same as above

☐ other state or federal court *(name and address):*

d. Department:

e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

f. Filing date:

g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

h. Relationship of this case to the case referenced above *(check all that apply):*

☐ involves the same parties and is based on the same or similar claims.

☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

☐ involves claims against, title to, possession of, or damages to the same property.

☐ *is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.*

☐ Additional explanation is attached in attachment 3h

i. Status of case:

☐ pending

☐ dismissed ☐ with ☐ without prejudice

☐ disposed of by judgment

4. ☐ Additional related cases are described in Attachment 4. Number of pages attached: _____

Date:

_____        ▶        _____
(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)                    (SIGNATURE OF PARTY OR ATTORNEY)