UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2185 PA (MRWx) | Date | March 28, 2019 |
|---|---|---|---|
| Title | Daniel W. Robinson, et al. v. Mortgage Electronic Registration Systems Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Kamilla Sali-Suleyman | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   ORDER TO SHOW CAUSE

The Court has reviewed the Complaint filed by plaintiffs Daniel W. Robinson, Darla J. Robinson (together with Daniel W. Robinson, the "Robinsons"), and Miguel A. Cabrera ("Cabrera"; together with the Robinsons, the"Plaintiffs") against defendants Mortgage Electronic Registration Systems Inc. ("MERS"), United Pacific Mortgage, and Universal American Mortgage Company of California (collectively "Defendants").  (Docket No. 1-6.)  According to the Complaint, the Robinsons live at a property in Los Angeles, California at 19127 Romar Street, Los Angeles, California 91324, and Cabrera lives at a property in Los Angeles, California at 103 Crabapple Drive, Pomona, California 91767.  Plaintiffs secured their properties with Deeds of Trust and request a judicial determination that MERS is not a beneficiary, nominee, or agent under the Deeds of Trust securing their separate properties.[1]

Federal Rule of Civil Procedure 20(a) allows for permissive joinder of parties.  Rule 20(a)(1) provides:

> Persons may join in one action as plaintiffs if:
>
> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1) (emphasis added); see also League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977).  "The first prong, the 'same transaction' requirement, refers

---

[1] While Plaintiffs' Complaint includes United Pacific Mortgage and Universal American Mortgage Company of California as named defendants, there are no claims brought against them.  In MERS' Notice of Removal, MERS argues Plaintiffs fraudulently joined those defendants.  (See Docket No. 1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2185 PA (MRWx) | Date | March 28, 2019 |
|---|---|---|---|
| Title | Daniel W. Robinson, et al. v. Mortgage Electronic Registration Systems Inc., et al. | | |

to similarity in the factual background of a claim." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997).

Plaintiffs have not alleged that the Rule 20(a)(1) standard is met. Based on the factual allegations in the Complaint, it is not clear Plaintiffs assert any right to relief jointly, severally, or in the alternative based on the same transaction, occurrence, or series of transactions or occurrences. Rather, Plaintiffs appear to allege only that MERS is not a valid beneficiary, nominee, or agent under their separate Deeds of Trust covering separate real properties. The Court therefore orders Plaintiffs to show cause, in writing, no later than April 11, 2019, why one of the Plaintiffs should not be dropped from this case for improper joinder. See Fed. R. Civ. P. 18, 20, 21; see also Coughlin,130 F.3d at 1351 (finding misjoinder where "[e]ach claim raises potentially different issues, and must be viewed in a separate and individual light by the Court").

In response to this Order to Show Cause, Plaintiffs may, if they so choose, file separate actions against Defendants, with new complaints and filing fees.

IT IS SO ORDERED.