UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | JS-6 |
|---|---|---|---|
| Case No. | CV 19-2185 PSG (ASx) | Date | June 14, 2019 |
| Title | Daniel W. Robinson et al. v. Mortgage Electronic Registration Systems, Inc., et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):** **The Court DISMISSES Plaintiffs Daniel and Darla Robinson for improper joinder, and DENIES the motion to remand and GRANTS the motion to dismiss as to Plaintiff Cabrera**

Before the Court is a motion to remand filed by Plaintiffs Daniel W. Robinson, Darla J. Robinson, and Miguel A. Cabrera ("Plaintiffs"), *see* Dkt. # 21 ("*Remand Mot.*") and a motion to dismiss filed by Defendants Mortgage Electronic Registration Systems, Inc. ("Defendant" or "MERS"), *see* Dkt. # 8 ("*MTD*"). Each side filed oppositions, *see* Dkts. # 23 ("*Remand Opp.*"), # 24 ("*MTD Opp.*"), and replies, *see* Dkts. # 27 ("*Remand Reply*"), # 26 ("*MTD Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving papers, the Court **DISMISSES** Plaintiffs Daniel and Darla Robinson for improper joinder, and, for Plaintiff Cabrera, **DENIES** the motion to remand and **GRANTS** the motion to dismiss.

I. Background

This case arises from a dispute regarding two mortgage loans on Plaintiffs' residences secured by respective Deeds of Trust. The Court will briefly describe the factual background for each Plaintiff before discussing the details of this suit.

A. Plaintiffs Daniel and Darla Robinson

On or about February 7, 2005, Plaintiffs Daniel and Darla Robinson obtained a mortgage loan in the amount of $999,950 from Defendant United Pacific Mortgage ("United"), which was secured by a Deed of Trust on a property in Los Angeles, California ("Robinson Deed of Trust"). *See Complaint*, Dkt. # 1-1 ("*Compl.*"), ¶¶ 3, 20 & Ex. A ("*Robinson DOT*"). The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2185 PSG (ASx) | Date | June 14, 2019 |
|---|---|---|---|
| Title | Daniel W. Robinson et al. v. Mortgage Electronic Registration Systems, Inc., et al. | | |

Robinson Deed of Trust named MERS as the "nominee" and "beneficiary" of the deed. *Robinson DOT* at 1.

In January 2012, the Robinsons filed a civil action in Los Angeles Superior Court, entitled *Robinson v. United Pacific Mortgage*, No. PC052281 ("Robinson State Action"), to quiet title to their property and expunge the Robinson Deed of Trust. *Mortg. Elec. Registration Sys., Inc. v. Robinson*, No. CV 13-7142 PSG (ASx), 2015 WL 993319, at *1 (C.D. Cal. Feb. 27, 2015). The Robinsons omitted MERS from that action and named only the original lender, United. *Id.* The Superior Court granted default judgment for the Robinsons and entered an order voiding the Robinson Deed of Trust. *Id.*

In September 2013, MERS filed suit in this Court to set aside the quiet title judgment in the Robinson State Action as void for violating the notice requirements of California Civil Code § 762.10 ("Robinson Federal Action"). *Id.*, at *2. The Court granted MERS's motion for summary judgment, holding that because MERS had an adverse claim against the property, the Robinsons were required to name MERS as a defendant in their quiet title action. *Id.*, at *6. The Ninth Circuit affirmed, agreeing with the Court that the Robinson Deed of Trust "designate[d] MERS as the nominee of the lender and the lenders' successors and as the beneficiary under the trust." *Mortg. Elec. Registration Sys., Inc. v. Robinson*, 671 F. App'x 562, 563 (9th Cir. 2016).

      B.     <u>Plaintiff Cabrera</u>

On or about October 19, 2004, Plaintiff Cabrera secured a $390,700 mortgage loan from Defendant Universal American Mortgage Company of California ("Universal"), which was secured by a Deed of Trust on a property in Pomona, California. *Compl.* ¶¶ 4, 23 & Ex. C ("*Cabrera DOT*"). The Cabrera Deed of Trust also named MERS as the "nominee" and "beneficiary" of the deed. *Cabrera DOT* at 2.

In March 2014, Cabrera filed a lawsuit in Los Angeles Superior Court captioned *Cabrera v. GSR Mortgage Loan Trust 2005-AR2*, No. KC066701 ("Cabrera Action"), to expunge the Cabrera Deed of Trust. *Defendants' Request for Judicial Notice*, Dkt. # 9 ("*Def.'s RJN*"), Ex. C ("*Cabrera Order*"), at 7. The Cabrera Action followed in the footsteps of the Robinson State Action by omitting MERS from the suit and obtaining a default judgment voiding the Cabrera Deed of Trust. *Id.* at 8. However, MERS intervened in the suit and filed a cross-complaint against Cabrera, arguing that MERS's due process rights were violated by Cabrera's failure to notify MERS of the action. *Id.* The Superior Court granted summary judgment in favor of MERS and voided the prior default judgment. *Id.* at 2. In so holding, the court noted that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2185 PSG (ASx) | Date | June 14, 2019 |
|---|---|---|---|
| Title | Daniel W. Robinson et al. v. Mortgage Electronic Registration Systems, Inc., et al. | | |

MERS, as the lienholder, beneficiary, and nominee of the Cabrera Deed of Trust, had adverse claims to the title of Cabrera's property. *See id.* at 11.

### C. Procedural Background

In August 2018, the Robinsons and Cabrera filed a complaint nearly identical to this case in Los Angeles Superior Court against MERS. *See* No. CV 18-8209 PA (MRWx) (C.D. Cal.), Dkt. # 1. MERS removed the action to federal court and filed a motion to dismiss. Rather than respond, Plaintiffs voluntarily dismissed the action. *Id.*

On October 30, 2018, Plaintiffs re-filed the same complaint against MERS in Los Angeles Superior Court save for the fact that in this case, Plaintiffs joined United and Universal (the "Lenders") as defendants. *See generally Compl.* The complaint asserts two causes of action for declaratory relief, seeking a judicial determination that MERS is not (1) a beneficiary or (2) a nominee or agent under the Robinson and Cabrera Deeds of Trust and therefore "do[es] not hold or possess any rights, title or interest" in the subject properties. *Id.* ¶¶ 28, 34. In March 2019, Defendant timely removed this case on the basis of diversity jurisdiction. *See Notice of Removal*, Dkt. # 1 ("*NOR*").

Plaintiffs now move to remand the case back to state court. *See generally Remand Mot.* Defendants move to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See generally MTD.*

## II. Legal Standard

### A. Motion to Remand

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). The case shall be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). Courts strictly construe the removal statute against removal jurisdiction. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2185 PSG (ASx) | Date | June 14, 2019 |
|---|---|---|---|
| Title | Daniel W. Robinson et al. v. Mortgage Electronic Registration Systems, Inc., et al. | | |

1087 (9th Cir. 2009); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther*, 533 F.3d at 1034; *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand.").

B. Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In assessing the adequacy of the complaint, the court must accept all pleaded facts as true and construe them in the light most favorable to the plaintiff. *See Turner v. City & Cty. of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015); *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). The court then determines whether the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Accordingly, "for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

III. Judicial Notice

"Generally, the scope of review on a motion to dismiss for failure to state a claim is limited to the contents of the complaint. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *see also Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) ("Ordinarily, a court may look only at the face of the complaint to decide a motion to dismiss."). Courts may also, however, consider "attached exhibits, documents incorporated by reference, and matters properly subject to judicial notice." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014). Such material includes "notice of proceedings in other courts, whether in the federal or state systems." *Duckett v. Godinez*, 67 F.3d 734, 741 (9th Cir. 1995); *see also Schweitzer v. Scott*, 469 F. Supp. 1017, 1020 (C.D. Cal. 1979) ("[T]he Court is empowered to and does take judicial notice of court files and records.").

Under Federal Rule of Evidence 201, the court "can take judicial notice of '[p]ublic records and government documents available from reliable sources on the Internet,' such as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2185 PSG (ASx) | Date | June 14, 2019 |
|---|---|---|---|
| Title | Daniel W. Robinson et al. v. Mortgage Electronic Registration Systems, Inc., et al. | | |

websites run by governmental agencies." *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) (quoting *Hansen Beverage Co. v. Innovation Ventures, LLC*, No. 08-CV-1166-IEG -POR, 2009 WL 6598891, at *2 (S.D. Cal. Dec. 23, 2009)); *see also L'Garde, Inc. v. Raytheon Space & Airborne Sys.*, 805 F. Supp. 2d 932, 937–38 (C.D. Cal. 2011) (noting that public records from the Internet are "generally considered not to be subject to reasonable dispute") (internal quotation marks omitted). Further, "[p]ublic records and government documents are generally considered 'not to be subject to reasonable dispute.'" *United States ex rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003) (citing *Jackson v. City of Columbus*, 194 F. 3d 737, 745 (6th Cir.1999)).

Both Plaintiffs and Defendant ask the Court to take judicial notice of various documents. *See generally Def.'s RJN*; *Plaintiffs' Request for Judicial Notice*, Dkt. # 25. The Court **GRANTS** the parties' request as to the court filings, and publicly recorded documents including the Deeds of Trust, Assignment of Deed of Trust, and Deed of Reconveyance. However, Plaintiffs' request for judicial notice is **DENIED** as to Defendant's Rules of Membership, Membership Application, United Pacific Mortgage CEO's Declaration, and a letter from MERS's counsel, because they are not proper subjects for judicial notice.

IV.   Discussion

   A.   Misjoinder

Shortly after removal, the Court issued an order to show cause, observing that the joinder of Plaintiffs may not be proper. *See* Dkt. # 11. Federal Rule of Civil Procedure 20 allows for permissive joinder of parties if (1) "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences"; and (2) "any question of law or fact common to all plaintiffs will arise in the action. Fed. R. Civ. P. 20(a)(1). The first prong, "the 'same transaction' requirement, refers to similarity in the factual background of a claim." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).

In their response, Plaintiffs contend that joinder is proper because the relief they seek (1) "arises out of a series of transactions in which [Defendant] is identified as a 'beneficiary' and 'nominee' within a California Deed of Trust" and (2) rests on a question of law common to all Plaintiffs. Dkt. # 15, 6:23–7:4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2185 PSG (ASx) | Date | June 14, 2019 |
|---|---|---|---|
| Title | Daniel W. Robinson et al. v. Mortgage Electronic Registration Systems, Inc., et al. | | |

To the contrary, a careful reading of the complaint reveals that the two Deeds of Trust at issue were executed at different times (one in 2004 and the other in 2005), involve different properties (one in Los Angeles and the other in Pomona), and had different lenders (one United and the other Universal). *See generally Compl.* The only factor that ties the Plaintiffs together is that their Deeds of Trust both named MERS as the nominee and beneficiary. Although Plaintiffs attempt to frame the Deeds of Trust as a part of a "series of transactions" by MERS, that characterization does not fairly apply here where the circumstances surrounding the signing of those deeds and the interactions with MERS are too attenuated from each other. *See Coughlin*, 130 F.3d at 1351; *see also Papagiannis v. Pontikis*, 108 F.R.D. 177, 179 (N.D. Ill. 1985) (finding that joinder of plaintiffs was not proper even though the nature of the defendant's alleged misrepresentation to each plaintiff was similar because "two victims' wholly fraudulent encounters with a confidence man" does not present the a same series of transactions or occurrences "simply because he follows the same routine in cheating each of them"). Thus, the Court concludes that Plaintiffs have failed to show that they satisfied the test for permissive joinder.

If the test for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance. *See* Fed. R. Civ. P. 21. Here, because the Court's subject matter jurisdiction over the Robinsons' claims is on shaky grounds,[1] and because the Court finds that severing Robinsons from the case will not prejudice any substantial right, it **DISMISSES** Plaintiffs Daniel and Darla Robinson from this suit without prejudice. For the Robinsons to pursue their claims, they must file a separate action against Defendant, with a new complaint and filing fees.

The Court now turns to the pending motions as they pertain to Plaintiff Cabrera only.

B. <u>Motion to Remand</u>

---

[1] As discussed in Part IV.B.ii, *infra*, for a suit that seeks to render a deed of trust unenforceable, it is appropriate to look at the value of the outstanding indebtedness to determine the amount in controversy. The Robinson Deed of Trust originally secured a promissory note in the amount of $999,950. Yet, the Robinsons have since paid off their debt and the deed of trust has been reconveyed on record such that it is no longer an encumbrance on Robinsons' property. *See Def.'s RJN*, Ex. D. Because there is no outstanding debt, it appears that the amount in controversy with respect to the Robinsons' claims is zero.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2185 PSG (ASx) | Date | June 14, 2019 |
|---|---|---|---|
| Title | Daniel W. Robinson et al. v. Mortgage Electronic Registration Systems, Inc., et al. | | |

Plaintiff Cabrera (moving forward "Plaintiff") contends that the case should be remanded to state court for lack of subject matter jurisdiction because (1) the parties are not completely diverse; (2) the amount in controversy does not exceed $75,000; (3) the Court should abstain from this case under *Burford*, and (4) *Rooker-Feldman* strips the Court of jurisdiction. The Court addresses each ground in turn.

> *i.     Fraudulent Joinder*

Plaintiff asserts that the Court should remand this case to state court because complete diversity does not exist. *Remand Mot.* 13:11– 14:17. The parties do not dispute that Plaintiff is a citizen of California and Defendant MERS is a citizen of Virginia and Delaware. *See NOR* ¶¶ 11–12. However, Plaintiff contends that because both Defendants United and Universal are citizens of California, the parties are not completely diverse. *Remand Mot.* 13:13–21.

To start, the Court notes that it cannot ascertain whether complete diversity exists based on the present record. Plaintiff alleges that Defendant United is a California citizen because it is a "general partnership existing under the laws of California." *Id.* 13:15–19. However, for an unincorporated association like a general partnership, the Court must consider the citizenship of each of the entity's members to determine its citizenship. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). There is no mention of the citizenships of United's partners or members in the record. As for Defendant Universal, Plaintiff alleges that it is a "California corporation and existing under the laws of California." *Remand Mot.* 13:15–19. For a corporation, the Court must consider both its state of incorporation and its principal place of business. *See* 28 U.S.C § 1332(a). Although the Court is satisfied that Universal is incorporated in California, the record does not indicate where its principal place of business is.

Nonetheless, Defendant contends that the Court need not consider the Lenders' citizenships because they have been fraudulently joined in this suit for the sole purpose of avoiding the federal courts.

When a defendant has been fraudulently joined for the purpose of destroying diversity or removal jurisdiction, the court "may ignore the presence of that defendant for the purpose of establishing" jurisdiction. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). Joinder is fraudulent if "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* The question is not whether the defendant will prevail, but whether there is any "possibility that a state court would

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2185 PSG (ASx) | Date | June 14, 2019 |
|---|---|---|---|
| Title | Daniel W. Robinson et al. v. Mortgage Electronic Registration Systems, Inc., et al. | | |

find that the complaint states a cause of action against any of the resident defendants." *Id.* at 1046.

"Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Co.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Given the presumption against finding fraudulent joinder, defendants who assert that a plaintiff has fraudulently joined a party carry a heavy burden of persuasion. *See United Serv. Auto Ass'n*, 767 F. Supp. 2d 1062, 1065 (C.D. Cal. 2011). A court determining whether joinder is fraudulent must resolve all material ambiguities in state law and disputed questions of fact in the plaintiff's favor. *See Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1062 (C.D. Cal. 2012). Moreover, "all doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleading must be resolved in favor of remand." *Aaron v. Merck & Co., Inc.*, No. CV 05-4073 JFW (MANx), 2005 WL 5792361, at *2 (C.D. Cal. July 26, 2005). Thus, "[d]efendants must show that the relevant state law is so well settled that plaintiff 'would not be afforded leave to amend his complaint to cure th[e] purported deficiency.'" *Mireles*, 845 F. Supp. 2d at 1063 (citations omitted).

Here, the complaint lacks any allegations demonstrating liability or wrongdoing on the part of United or Universal. *See generally Compl.* In fact, they are only mentioned in paragraphs 6 and 7, in which Plaintiff alleges that they are residents of California. *See id.* ¶¶ 6–7. Plaintiff even acknowledges that this is the case. *Remand Opp.* 7:12–14. ("It is crystal clear that [Plaintiff's] sole two causes of action do not in fact present or assert any sort of a claim against the two banking institutions named as party defendants."). However, Plaintiff contends that the Court should consider United's and Universal's citizenships because they are "indispensable parties" to this suit. He claims that "[i]t is reasonably conceivable that either one of [them] or any one of their successors and or assigns" may come back to their assert their rights "if issues specifically concerning them are not resolved." *Id.* 7:17–22.

But Defendant has demonstrated that United and Universal are now defunct entities, *NOR*, Exs. 7–8, and Plaintiff does not dispute this assertion. As non-existent entities, United and Universal have no interest in the outcome of the action or the Deeds of Trust that are the subjects of this lawsuit. Although Plaintiff contends that this lawsuit may affect the interests of the Lenders' successors, he has not pointed to any evidence that suggests that they do have some entity that could stand in their place. The Court cannot treat United and Universal as "indispensable parties" based on a sheer hypothetical scenario.

Accordingly, the Court finds that United and Universal are sham defendants and does not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2185 PSG (ASx) | Date | June 14, 2019 |
|---|---|---|---|
| Title | Daniel W. Robinson et al. v. Mortgage Electronic Registration Systems, Inc., et al. | | |

consider their citizenships for the purpose of determining diversity jurisdiction. As Plaintiff is a citizen of California and Defendant is a citizen of Virginia and Delaware, the Court concludes the parties are completely diverse.

### ii. Amount in Controversy

Next, Plaintiff argues that the Court lacks diversity jurisdiction over the matter because he is only seeking declaratory relief and "there is no monetary amount in controversy whatsoever." *Remand Mot.* 14:18–17:4. Yet, "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). In this case, Plaintiff asks for judicial declaration that MERS is neither the beneficiary nor the nominee under the Deeds of Trust and therefore does not hold any rights, titles, or interest to the properties. *See generally Compl.* Thus, if Plaintiff prevails in this action, MERS would be deprived of its right to assign the power of sale of the subject properties, and the Deed of Trust would be rendered unenforceable. Therefore, it is appropriate to look at the value of the outstanding indebtedness to determine the amount in controversy. *See Canas v. Ocwen Loan Servicing LLC*, 2015 WL 5601838, at *3 (C.D. Cal. Sept. 21, 2015).

Plaintiff's Deed of Trust secured a promissory note in the amount of $390,700. *Cabrera DOT* at 2. Defendant alleges that Cabrera has an unpaid principal balance on the note in the amount of $263,354, *NOR* ¶ 30, and Plaintiff has not disputed this amount. Therefore, the amount in controversy in this case is well above the minimum jurisdictional amount of $75,000.

### iii. Burford *Abstention*

The *Burford* abstention doctrine "allows [federal] courts to decline to rule on an essentially local issue arising out of a complicated state regulatory scheme." *United States v. Morros*, 268 F.3d 695, 705 (9th Cir. 2001) (internal quotation marks and citation omitted). The main policy concern animating this doctrine is that a federal court could potentially undermine the state's effort to implement its policy with respect to the matter at issue. The Ninth Circuit has held that cases may be dismissed under *Burford* when three factors are met: (1) "the state has chosen to concentrate suits challenging the actions of the agency involved in a particular court"; (2) "federal issues could not be separated easily from complex state law issues with respect to which state courts might have special competence"; and (3) "federal review might disrupt state efforts to establish a coherent policy." *Knudsen Corp. v. Nev. State Dairy Com'n*, 676 F.2d 374, 377 (9th Cir. 1982).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2185 PSG (ASx) | Date | June 14, 2019 |
|---|---|---|---|
| Title | Daniel W. Robinson et al. v. Mortgage Electronic Registration Systems, Inc., et al. | | |

Here, Plaintiff has failed to show that this case involves important issues of state law or that he has met any of the requirements outlined in *Knudsen*. Although Plaintiff claims that "California courts and case law thus far has been silent or non-existent" with regard to whether MERS can hold a "beneficiary status," in prior rulings, this Court has already pointed to California courts that have held that "MERS status as beneficiary 'was not a matter of fact existing apart from the document itself.'" *Robinson*, 2015 WL 993319, at *6. Plaintiff otherwise hangs his hat on the fact that real property issues are purely state law concerns. *See Remand Mot.* 18:3–19:25. However, if that were enough for the Court to abstain from presiding over this case, that would mean no property case could be removed to federal court. Surely, this is not the case.

The Court therefore declines to abstain from hearing this case under the *Burford* doctrine.

    *iv.*     Rooker-Feldman *Doctrine*

Under the *Rooker-Feldman* doctrine, lower federal courts lack subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The *Rooker-Feldman* doctrine "includes three requirements: (1) '[T]he party against whom the doctrine is invoked must have actually been a party to the prior state-court judgment or have been in privity with such a party'; (2) 'the claim raised in the federal suit must have been actually raised or inextricably intertwined with the state-court judgment'; and (3) 'the federal claim must not be parallel to the state-court claim.'" *Lance v. Dennis*, 546 U.S. 459, 462 (2006).

This case does not involve any challenge by MERS to a decision of a state court. The *Rooker-Feldman* doctrine does not apply.

    *v.*     *Conclusion*

In sum, the Court finds that it has subject matter jurisdiction and **DENIES** Plaintiff Cabrera's motion to remand. Plaintiff's request for attorneys' fees and costs is also **DENIED**.

C.     <u>Motion to Dismiss</u>

Defendant moves to dismiss the complaint because (1) Plaintiff's claims are barred by claim preclusion; (2) Plaintiff cannot state a claim for declaratory relief because there is no

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2185 PSG (ASx) | Date | June 14, 2019 |
|---|---|---|---|
| Title | Daniel W. Robinson et al. v. Mortgage Electronic Registration Systems, Inc., et al. | | |

actual or imminent controversy relating to the rights of the parties; and (3) California law dictates that MERS is the beneficiary and the nominee under both Deeds of Trust. The Court only addresses Defendant's first argument because it finds it dispositive.

   *i.*  *Res Judicata*

"Res judicata challenges may properly be raised via motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Thompson v. Cty. of Franklin*, 15 F.3d 245, 253 (2d Cir. 1994); *see also Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). In this case, the Court must give preclusive effect to the prior judgment of Los Angeles Superior Court under California law. *See Allen v. McCurry*, 449 U.S. 90, 96 (1980) ("Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so . . . .").

Under California law, "[c]laim preclusion arises if a second suit involves (1) the same cause of action (2) between the same parties (3) after a final judgment on the merits of the first suit." *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 823 (2015). Here, both the Cabrera Action and this case involve the same exact parties—Cabrera and MERS. Further, there has been a final judgment on the merits in the first suit—the Superior Court granted summary judgment in favor of MERS and issued a final order, and neither party has pointed to any record of appellate review. Therefore, the only remaining issue is whether this case involves the same "cause of action" as the prior suit.

California law treats two suits as involving the "same cause of action" if they are premised on the same "primary right." *See Eichman v. Fotomat Corp.*, 147 Cal. App. 3d 1170, 1174 (1983). Under this theory, "[i]f two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." *Id.*

In its summary judgment order, the Los Angeles Superior Court noted that "[u]nder the deed of trust, MERS was the beneficiary and nominee for UAMC and its successor and assigns. Thus, MERS maintained the ability, at all relevant times, to assign the deed of trust." *Cabrera Order* at 13. Based on this conclusion, the court further held that MERS had "demonstrated that the assignment Plaintiff seeks to cancel and expunge is not void, but properly assigned by MERS and Plaintiff fails to raise a triable issue of material fact as to this issue." *Id.* at 18. Plaintiff admits that the "primary right presented within the instant action [is] whether or not [MERS] is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2185 PSG (ASx) | Date | June 14, 2019 |
|---|---|---|---|
| Title | Daniel W. Robinson et al. v. Mortgage Electronic Registration Systems, Inc., et al. | | |

the true and genuine Beneficiary or Nominee." *MTD Opp.* at 14:7–8. Therefore, the relief Plaintiff seeks in this suit was squarely raised and rejected by the state court and is barred in this case under claim preclusion.

In sum, the Court concludes that the current suit does not involve primary rights that are distinguishable from those addressed in the prior state court judgment. Plaintiff's claims in this suit are barred by res judicata and therefore Defendant's motion to dismiss is **GRANTED**.

### ii. Leave to Amend

Whether to grant leave to amend rests in the sound discretion of the trial court. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Courts consider whether leave to amend would cause undue delay or prejudice to the opposing party, and whether granting leave to amend would be futile. *See Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Generally, dismissal without leave to amend is improper "unless it is clear that the complaint could not be saved by any amendment." *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

Since the Court dismisses Plaintiff's claims because they are precluded by the adverse judgment in Plaintiff's prior suit against Defendants, and no additional allegations could cure this defect, the Court concludes that amendment would be futile. Accordingly, leave to amend is **DENIED**.

## IV. Conclusion

For the foregoing reasons, the Court **DISMISSES** Plaintiffs Daniel and Darla Robinson for improper joinder without prejudice. As for the remaining Plaintiff Cabrera, the Court **DENIES** his motion to remand and **GRANTS** Defendant's motion to dismiss. Leave to amend is **DENIED**. This order closes the case.

**IT IS SO ORDERED.**